253 So.2d 501 (1971)
Leon H. HANDLEY, As Administrator of the Estate of Danna Post Wilkinson, (Deceased), and John Neal Wilkinson, III, As Guardian of the Person and Property of John Neal Wilkinson, IV, a Minor, Appellants,
v.
ANCLOTE MANOR FOUNDATION, a Florida Corporation, and Ronald M. Baccus, M.D., Appellees.
No. 70-782.
District Court of Appeal of Florida, Second District.
October 15, 1971.
Rehearing Denied November 11, 1971.
*502 John W. Boult and Edward M. Waller, Jr., of Fowler, White, Gillen, Humkey, Kinney & Boggs, Tampa, for appellants.
F. Ronald Fraley and John W. Puffer, III, of Shackleford, Farrior, Stallings & Evans, Tampa, for appellees.
MANN, Judge.
This action was brought by the decedent's administrator to recover damages for her death. After the two-year period during which a new action might be filed, an amended complaint was filed joining the guardian of decedent's son as plaintiff and seeking recovery under the wrongful death statute. The precise question whether such an amendment relates back to the original filing seems never to have been raised in Florida, and the trial judge granted summary final judgment so that the question could be posed on appeal prior to trial.
"When the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment shall relate back to the date of the original pleading." Fla. R.Civ.P. 1.190(c), 30 F.S.A. The Author's Comment at 30 F.S.A. p. 273 elaborates: "The principle of relation back of amended pleadings existed in prior law, but it was limited to an amendment which did not state a new cause of action. The harshness of the rule was modified by a liberal construction of a `cause of action.' In accord with this liberal application of the principle, the rule requires only that the amendment arise out of the `conduct, transaction, or occurrence' set forth in the original pleading."
It seems clear to us upon consideration of the rule and cases decided in Florida and federal courts[1] that such an amendment as this should relate back to the date of original filing. This view is consistent with the general policy of the Rules. There has been no prejudice shown. The defendants knew upon the filing of the original complaint that there was a child who survived the decedent and who might plausibly claim under the wrongful death statute on the same allegations of fact. There is no surprise, and in our view the consistent interpretation of our Rules would require the trial court to permit the amended complaint to stand as of the date of the original complaint's filing.
Reversed and remanded.
PIERCE, C.J., and LILES, J., concur.
NOTES
[1] See Lindy's of Orlando, Inc. v. United Electric Co., Fla.App. 1970, 239 So.2d 69; Brown v. Wood, Fla.App. 1967, 202 So.2d 125; Griffin v. Workman, Fla. 1954, 73 So.2d 844; Keel v. Brown, Fla.App. 1964, 162 So.2d 321; Missouri, K. & T.R. Co. v. Wulf, 1913, 226 U.S. 570, 33 S.Ct. 135, 57 L.Ed. 355; Williams v. United States, 5th Cir.1968, 405 F.2d 234; Russell v. New Amsterdam Cas. Co., 8th Cir.1962, 303 F.2d 674; Developments  Statutes of Limitations, 1950, 63 Harv.L.Rev. 1177, 1239; 8 A.L.R.2d 6; 74 A.L.R. 1269.