292 So.2d 382 (1974)
VARIETY CHILDREN'S HOSPITAL, a Florida Corporation, and Luke Rader, M.D., Appellants,
v.
Josefina OSLE, Appellee.
No. 73-280.
District Court of Appeal of Florida, Third District.
April 2, 1974.
*383 Blackwell, Walker, Gray & Powers and Mark Hicks, Corlett, Merritt & Killian and Robyn Greene, Miami, for appellants.
Horton & Perse, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and CARROLL, JJ.
PEARSON, Judge.
The appellants were found jointly and severally liable to appellee for medical malpractice. A final judgment was entered for $100,000, the amount of the damages found by a jury. This appeal is from that judgment.
Dr. Rader performed an operation upon the appellee for the removal of a cyst in each breast; the operation was performed at Variety Children's Hospital. At trial it was undisputed that the cysts were placed in a single container and were undifferentiated on the route slip, and that this commingling constituted a negligent deviation from the acceptable standard of care. Ms. Vormwald, the scrub nurse who assisted Dr. Rader in the operation, testified that she asked Dr. Rader if he wanted the specimens separated and sent to pathology, and he replied that it would be all right to put them in a single container since the tissue was not malignant anyway. The deposition testimony of another nurse present at the operation corroborated Ms. Vormwald's testimony.
Dr. Garcia, the pathology resident who received the tissues, noted the requisition slip reference to a bilateral tumor excision and concluded that the two pieces of tissue came from separate breasts. He was unable to differentiate which tissue came from which breast and he consulted Dr. Blum, the hospital's attending pathologist. Dr. Blum called the operating room about the matter. Although he was dissatisfied with the explanation he received, he instructed Dr. Garcia to make note that the specimens arrived in the same bottle and to proceed with the analysis. Dr. Blum did not instruct Dr. Garcia to keep the two cysts separate during the dissection, and admitted that if the larger cyst had been labeled "A" and the smaller "B", and if separate sections had been taken from each, the identity and integrity of the two specimens would have been preserved.
Dr. Garcia dissected both specimens, thereby destroying their identity, and although only one was malignant, it was necessary for plaintiff to have both breasts removed. During trial, the court in sustaining defendant-hospital's objection, refused to allow Dr. Felder, an expert pathology witness, to testify on behalf of Dr. Rader that it was a deviation from the acceptable standard of care for a pathologist to dissect specimens from a single container without attempting to ascertain from which breast each specimen came. The trial court over defendant Rader's objection permitted plaintiff to introduce into evidence more than $6,000 in medical bills to plaintiff, and a color photograph depicting plaintiff's breasts at a time after the radical mastectomy. The jury returned a verdict for plaintiff in the sum of $100,000, and final judgment was entered.
The appellant, Variety Children's Hospital, presents a single point as follows:
"Was the jury verdict against both Dr. Rader and Variety Children's Hospital erroneous where the evidence clearly established that only one of the two defendants could have been liable for the negligent handling of the biopsy specimens, and the weight of the evidence showed that Dr. Rader only was at fault and where the evidence also established that in handling the biopsy specimens the murses were acting as the borrowed servants of Dr. Rader, and not as servants of Variety Children's Hospital, was it not error for the trial court to charge, and the jury to find, that defendant Variety Children's Hospital was liable for the acts of its employees?"
The appellant Rader presents two points as follows:
"Whether the trial court erred in denying defendant Rader's motion for judgment *384 n.o.v., on the ground that the jury verdict against the hospital established as a matter of law that the negligence of the hospital's pathologists was an independent intervening cause of the plaintiff's damages?"
"Whether the trial court erred in denying the defendant Rader's motion for new trial on any or all of the following grounds:
"A. The exclusion of the proffered testimony of Dr. Felder,
"B. The admission into evidence of over $6,000 in medical bills, for which no proper predicate had been laid.
"C. The admission into evidence, `on rebuttal' of plaintiff Ex. 7, a photograph of the plaintiff's breasts in a transitory state between surgeries.
"D. In allowing counsel for the defendant Rader insufficient time for summation to the jury?"
Appellant hospital's point essentially urges the insufficiency of the evidence to form a basis for the court's instruction that the hospital could be held liable for the acts of its employees. Our review of the instruction and the evidence at the trial demonstrates that there was conflicting evidence as to whether the hospital employees were operating under a direct order from Dr. Rader. The jury may well have found that Dr. Rader did not give a specific instruction and that the hospital violated a standard of care to its patients. Such a finding would not be inconsistent with a verdict holding Dr. Rader also liable because the jury may well have found that he violated the standards of medical practice by failing to definitely instruct that the two cysts be placed in separate containers.
Appellant Rader's first point urges that the negligence of the hospital as found by the jury constituted as a matter of law an independent intervening cause of plaintiff's injury. We find that this point is not well-taken in view of the evidence which would support a finding by the jury that the negligence of Dr. Rader and that of the hospital were so intertwined as to constitute one cause for plaintiff's injury. Cf. Sardell v. Malanio, Fla. 1967, 202 So.2d 746; Brown v. McArthur Dairies, Inc., Fla.App. 1973, 280 So.2d 520; Mozer v. Semenza, Fla.App. 1965, 177 So.2d 880.
We have reviewed the record in the light of the multiple objections included in appellant Rader's second point and find that none of the claimed errors present reversible error under the record of this case.
Affirmed.