360 So.2d 8 (1978)
Eric COX, a Minor, by and through His Guardian and Next Friend, J.W. Caldwell, Appellant,
v.
SEABOARD COAST LINE RAILROAD COMPANY, Appellee.
Nos. 77-700, 77-1580.
District Court of Appeal of Florida, Second District.
May 26, 1978.
Rehearing Denied June 27, 1978.
*9 Beckham, McAliley & Proenza, and Robert Orseck of Podhurst, Orseck & Parks, Miami, for appellant.
Michael N. Brown of Allen, Dell, Frank & Trinkle, Tampa, for appellee.
HOBSON, Acting Chief Judge.
In this appeal, we affirm the trial court's denial of leave to amend a complaint to assert a separate and distinct cause of action. The action arose from a train-car collision in which minor suffered personal injuries and minor's parents were killed. Minor brought suit for the wrongful death of his mother, and recovered. Minor then brought suit for the wrongful death of the father. After this second wrongful death action had been pending for three years, minor sought to amend his complaint to assert his cause of action for personal injuries. By the time of this attempted amendment, the period of the statute of limitations had run and barred any separate action for the personal injuries. The trial court denied minor's motion for leave to amend based upon the court's ruling that the amendment would not relate back to the filing of the original complaint and hence the claim would be barred by the statute of limitations.
While it is established that: "When the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment shall relate back to the date of the original pleading" [Fla.R.Civ.P. 1.190(c)], it is equally well established that this does not authorize a plaintiff, under the guise of an amendment, to state a new and different cause of action. Gables Racing Ass'n v. Persky, 131 Fla. 842, 180 So. 24 (1938). Consequently, an amendment will not be allowed if the amendment will change an issue, introduce new issues, or materially vary the grounds of relief. United States v. State, 179 So.2d 890 (Fla. 3d DCA 1965).
Minor's personal injury action is a different cause of action than his wrongful death cause of action. In Bowie v. Reynolds, 161 So.2d 882 (Fla. 1st DCA 1964), the court held that a plaintiff entitled to bring a wrongful death action after an accident in which the plaintiff also suffered personal injuries, may assert his common law personal injury action as a cause of action separate and distinct from the statutory wrongful death cause of action. The second suit was not subject to dismissal as a splitting of a cause of action.
Minor's amendment would have introduced new issues and varied the grounds for relief. In Shearn v. Orlando Funeral Home, 88 So.2d 591 (Fla. 1956), our supreme court recognized that the plaintiff's right to maintain an action for personal injuries required proof of some different essential facts than the plaintiff's wrongful death action arising from the same accident. Under the facts of that case, the court held that although estoppel by judgment barred re-litigation of the identical facts actually presented at trial of the first cause of action, res judicata would not apply to the second action.
The trial court, sub judice, did not abuse its discretion in ruling that the proposed amendment would present a different cause *10 of action, new issues, and varied grounds for relief. Consequently, the trial court's ruling that the amendment would not relate back to the date of filing the wrongful death complaint was proper, as was denial of leave to file the proposed amendment.
We are aware of the liberality to be accorded a motion for leave to amend the pleadings and the liberal construction of "cause of action" to permit relation back of the amendment. See Handley v. Anclote Manor Foundation, 253 So.2d 501 (Fla. 2d DCA 1971); Fla.R.Civ.P. 1.190, Author's Comments (relation back), but compare 1954 Fla.R.Civ.P. 1.15. However, we do not see that this rule should be so liberally construed as to allow a plaintiff to circumvent the statute of limitations on the plaintiff's separate cause of action which could have been asserted by separate suit brought at any time within the statutory period. This is not a case such as where amendment to an answer is sought to assert a compulsory counterclaim which could not be asserted in any suit other than the original action.
The trial court's denial of appellant's motion for leave to amend is hereby
AFFIRMED.
GRIMES and OTT, JJ., concur.