385 So.2d 661 (1980)
Odie Bell DANIELS, etc., Appellant,
v.
Malcolm H. WEISS, M.D., et al., Appellees.
Odie Bell DANIELS, etc., Appellant,
v.
Arnold A. OPER, M.D., Appellee.
Nos. 78-1626, 78-1627.
District Court of Appeal of Florida, Third District.
April 8, 1980.
As Corrected On Denial of Rehearing July 21, 1980.
*662 Stanley M. Rosenblatt, Greene & Cooper and Robyn Greene, Miami, for appellant.
Howard E. Barwick and David L. Wills, Miami Shores, Preddy, Kutner & Hardy, Daniels & Hicks and Sam Daniels, Miami, for appellees, in both cases.
Before BARKDULL and BASKIN, JJ., and EZELL, BOYCE F., Jr. (Ret.), Associate Judge.
PER CURIAM.
In this medical malpractice action, Odie Bell Daniels, the plaintiff, appeals post trial orders directing a verdict for defendant, Dr. Weiss, and granting defendant, Dr. Oper, a new trial as to damages.
Frank Daniels, a diabetic, injured his left foot on Thursday, December 5, 1974 while he was at work. On Saturday, December 7, he went to defendant Dr. Weiss to have his foot treated. Dr. Weiss suggested that he be hospitalized immediately. Daniels did not want to go but agreed to stay home, rest over the weekend and take the prescribed medication. When Daniels again visited Dr. Weiss on Monday, December 10, Dr. Weiss immediately referred him to Parkway General Hospital where Dr. Weiss was admitted to practice. However, Daniels insisted upon being admitted to North Dade General where he was treated by defendant Dr. Oper. Subsequently, his left leg was amputated below the knee by Dr. Anderson. Thereafter, Daniels filed a complaint for negligence against Drs. Weiss and Oper and basically alleged that as a result of the failure to render prompt and adequate treatment upon his admission, instead of a transmetatarsol amputation of his foot (below the ankle) that may have been sufficient with proper care and treatment, he lost his left leg below the knee. Sometime after Daniels filed his complaint, *663 the trial court permitted an amendment to allow his wife Odie to add her derivative claim for loss of consortium. Mr. Daniels died shortly before trial from causes unrelated to the malpractice and Odie Daniels was substituted as personal representative. The cause proceeded to trial. The jury found Dr. Weiss to be 1% negligent and Dr. Oper 99% negligent and awarded $300,000 to Odie Daniels, as personal representative of her husband's estate, and $90,000 for Odie Daniels personally on her derivative claim. Thereafter, Dr. Weiss filed a renewed motion for directed verdict and Dr. Oper motions for remittitur and/or new trial. After hearing argument of counsel, the trial court entered a directed verdict for Dr. Weiss on the ground of insufficiency of the evidence. The court also granted Dr. Oper's motion for remittitur[1] or, in the alternative, a new trial on the issue of damages for the reason that the verdicts were excessive. In this order, the court reasoned that the jury might have been influenced by the presentation of Daniels' counsel during closing argument and after setting out some of his remarks, concluded:
* * * * * *
"With this angry and indignant rejection of the Defendants and the treatment and care rendered to Mr. Daniels by them, the foregoing excerpts from the trial transcript are among those that, in the opinion of this Court, inflamed and prejudiced the jury to such an extent that they returned a damage award in the exact amount requested by Plaintiff's counsel of $300,000.00 for the Estate of Mr. Daniels and $90,000.00 for Mrs. Daniels; a damage award which in this Court's opinion were based on prejudice or passion to to such an extent that it constituted punitive damages or was punitive in nature and did not bear a reasonable relation to the damages and injuries suffered and were so grossly excessive as to shock the judicial conscience of this Court."
* * * * * *
Odie Daniels refused to accept the remittitur and a new trial on the issue of damages was ordered. She then perfected the present appeals from the orders directing a verdict for Dr. Weiss and granting Dr. Oper a new trial. Dr. Oper cross-appeals the order allowing the complaint to include Odie Daniels' personal claim for loss of consortium.
We first consider Dr. Oper's argument on cross-appeal[2] that the court erred in denying his motion for summary judgment as to the claim of Odie Daniels for loss of consortium on the ground that the statute of limitations had run. We find this point to be well taken.
An amendment to the pleadings does not relate back to the date the original complaint was filed if the amendment states a new cause of action or adds a new party. Cox v. Seaboard Coast Line R. Co., 360 So.2d 8 (Fla.2d DCA 1978); Doyle v. Shands Teaching Hospital and Clinics, 369 So.2d 1020 (Fla.1st DCA 1979). Although a claim for loss of consortium is a derivative cause of action, it nevertheless is a separate action. See: Gates v. Foley, 247 So.2d 40 (Fla. 1971). The applicable two-year statute of limitations [Section 95.11(6), Florida Statutes (1973)] having already run at the time Odie Daniels filed the complaint seeking damages for loss of consortium, the trial court erred in denying Oper's motion for summary judgment as to said claim. Therefore, the $90,000.00 verdict for loss of consortium cannot stand as to Dr. Oper.
We now turn our concern to the issues raised by Odie Daniels on appeal as they pertain to Dr. Oper.
She first argues that the court erred in finding both verdicts excessive. In light of our adverse disposition of her personal claim for loss of consortium (and $90,000 verdict thereon) on cross-appeal, we need only consider this argument with reference to the $300,000 verdict.
*664 Before a new trial as an alternative to a remittitur may be entered either the record must affirmatively show the impropriety of the verdict or there must be an independent determination that the jury was influenced by considerations outside the record. Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla. 1978); Cassat Avenue Mobile Homes, Inc. v. Bobenhausen, 363 So.2d 1065 (Fla. 1978). Further, a jury verdict should not be disturbed unless it is so inordinately large as obviously to exceed the maximum limit of a reasonable range within which the jury may properly operate. Bould v. Touchette, 349 So.2d 1181, 1184-85 (Fla. 1977). In the instant case, there was no evidence offered as to loss of wages or earning capacity and medical bills. The single element of damages claimed was for Mr. Daniels' pain, suffering, disability, disfigurement, mental anguish and loss of his capacity for the enjoyment of life. In this class of cases the determination of the amount of damages is a matter particularly within the province of the jury to decide inasmuch as pain and suffering have no market price, are not capable of being exactly and accurately determined and have no standard whereby damages can be measured. See Corbett v. Seaboard Coastline R. Co., 375 So.2d 34, 37 (Fla.3d DCA 1979); 17 Fla.Jur.2d Damages § 41 (1980) and cases cited therein. We do not find the $300,000 verdict as the amount of damages for Daniels' pain and suffering, disfigurement, etc., to be so inordinately large as to exceed the maximum limit of a reasonable range within which the jury may properly operate and thus the verdict should not have been disturbed. It appears that the basis for the trial court's order for remittitur or, in the alternative, a new trial was that he disagreed with the amount of the verdict which was the amount requested by Daniels' counsel. Mere disagreement or the fact the verdict is the same amount as requested is not enough to warrant reversal. See Corbett v. Seaboard Coastline R. Co., 375 So.2d 34 (Fla.3d DCA 1979), supra, and Allred v. Chittenden Pool Supply, Inc., 298 So.2d 361 (Fla. 1974).
Finally, in light of the wide latitude accorded counsel in making arguments to the jury, we fail to see how the remarks complained of were of such an inflammatory character as to mandate a new trial. See Metropolitan Dade County v. Dillon, 305 So.2d 36 (Fla.3rd DCA 1974). We therefore, conclude that the court erred in ordering a new trial.
Daniels also urges as reversible error the granting of Dr. Weiss' and Argonaut's renewed motion for directed verdict. The law is well settled that a directed verdict should not be entered for a defendant in a negligence action unless the plaintiff cannot recover under any reasonable view of the evidence; even where the evidence is not in dispute, when conflicting reasonable inferences may be drawn from the admitted facts, questions of negligence and negligence causation are peculiarly questions of fact which should be determined by the jury. Cooper v. Fenton Brace & Limb Company, Inc., 350 So.2d 1106 (Fla.3d DCA 1977). The record reflects that there was conflicting evidence on the question of negligence causation precluding the entry of a directed verdict. Neither are we persuaded by Dr. Weiss' contention that Dr. Oper's negligence was an independent intervening cause which absolves him from liability. Dr. Weiss cannot escape liability simply because a second physician had the opportunity to correct the initial negligent acts but failed to do so. See e.g., Variety Children's Hospital v. Osle, 292 So.2d 382 (Fla.3d DCA 1974). Thus, we find error in the entry of a directed verdict for Dr. Weiss and Argonaut Insurance Co.
For the reasons stated, the orders granting a new trial and directing a verdict are reversed and the cause remanded to the trial court with directions to reinstate the verdict against Dr. Weiss and Argonaut Insurance Co. As to the defendant, Dr. Oper, we direct the trial court to reinstate the $300,000.00 verdict for Odie Daniels (as personal representative of the estate of her deceased husband, Frank) and to strike the $90,000.00 verdict for Odie Daniels personally.
Reversed and remanded, with directions.
NOTES
[1] Reducing the $300,000 verdict to $75,000 and the $90,000 verdict to $20,000.
[2] We also reviewed a second point raised by Dr. Oper on cross-appeal and conclude no reversible error has been made to appear.