CAMPBELL, Judge.
Appellants seek reversal of the trial court’s order granting summary judgment dismissing their cause of action based on appellees’ affirmative defense that the cause of action was barred by the applicable statute of limitations.
Appellants filed their original complaint against appellees within the period permitted by the statute of limitations. After the court permitted appellants’ original counsel to withdraw, it allowed substitution of new counsel and granted a motion to amend the complaint. The amended complaint was filed after the period of time prescribed by the statute of limitations.
The question before us is whether the amended complaint states a claim for relief arising out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original complaint so as to relate back to the date of the original complaint as provided in Florida Rule of Civil Procedure 1.190(c). We hold that it does and reverse the trial court.
Appellants’ original complaint alleged their ownership of real property on which they operated a catfish farm. It further alleged that, by pumping ground water *151 from their adjacent property and by soil excavation work on their property, appel-lees had caused the water level in the ponds on appellants’ property to be lowered so as to endanger appellants’ catfish farm operation. It also alleged that appellees had continued their conduct despite admonitions from the appellants.
The amended complaint appears to us simply to allege the same course of conduct by appellees, and the resulting effect on appellants’ property, in more detail than was contained in the original complaint. The only significant allegation that is included in the amended complaint that was not specifically alleged in the original complaint is that appellees, in excavating on their property, located a spring that was disturbed by the excavation so as to cause water from appellants’ property to be diverted to appellees’ property. The trial court held that this was a new attempt by appellants to state a cause of action relating to invasion of subterranean water rights under the authority of Labruzzo v. Atlantic Dredging & Construction Co., 54 So.2d 673 (Fla.1951). We find that even so, it was not such a new issue or cause of action that would cause the amended complaint not to relate back to the date of the original complaint. Appellants’ original complaint, read in a light most favorable to appellees’ position, was at least an attempt to set forth a Labruzzo type cause of action as would be permitted by Florida Rule of Civil Procedure 1.190(c). See Handley v. Anclote Manor Foundation, 253 So.2d 501 (Fla. 2d DCA 1971), cert. den. 262 So.2d 445 (Fla.1972); Brown v. Wood, 202 So.2d 125 (Fla. 2d DCA 1967); Keel v. Brown, 162 So.2d 321 (Fla. 2d DCA 1964).
Accordingly, we reverse and remand for treatment consistent herewith.
GRIMES, Acting C. J., and DANAHY, J., concur.