423 So.2d 983 (1982)
Lilah G. PETERS, As Personal Representative of the Estate of Fred M. Peters, Deceased, Appellant,
v.
Stanley D. MITCHEL, M.D., Sylvan R. Lewis, M.D., and Parkway General Hospital, Inc., Appellees.
Nos. 82-150, 82-151.
District Court of Appeal of Florida, Third District.
December 21, 1982.
Anderson & Moss, Daniels & Hicks and Patrice A. Talisman, Miami, for appellant.
Fowler, White, Burnett, Hurley, Banick & Strickroot and Michael J. Murphy, Thornton & Herndon and Raymond V. Miller, Thomas R. Post, Miami, for appellees.
Before HENDRY, BASKIN and JORGENSON, JJ.
HENDRY, Judge.
Appellant Lilah Peters seeks reversal of two trial court orders dismissing her amended complaint joining Jeffrey Peters, minor son of Lilah and the decedent, as a plaintiff in a wrongful death action.
The original complaint by appellant as personal representative of the decedent's estate was filed within the applicable statute of limitations. After the statutory period had run, the trial court granted appellant leave to amend to include Jeffrey's claim, but subsequently dismissed the claim, upon separate motions by the hospital and the physicians, as barred by the statute of limitations. Appeals from the two orders were consolidated by this court.
We reverse the trial court's orders and hold that the claim asserted in the amended complaint arises "out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading" so as to relate back to the date of the original complaint as provided in Florida Rule of Civil Procedure 1.190(c). Dye v. Houston, 421 So.2d 701 (Fla. 1st DCA 1982) (amendment joining decedent's widow in wrongful death action after limitation period had run related back to date of original complaint); Handley v. Anclote Manor Foundation, 253 So.2d 501 *984 (Fla. 2d DCA 1971), cert. denied, 262 So.2d 445 (Fla. 1972) (amendment joining guardian of decedent's son  same); cf. Daniels v. Weiss, 385 So.2d 661 (Fla. 3d DCA 1980) (amendment to pleading did not relate back to date of original complaint since spouse's claim for loss of consortium, although derivative in nature, stated a separate cause of action from claim for medical malpractice); Cox v. Seaboard Coast Line Railroad Co., 360 So.2d 8 (Fla. 2d DCA 1978), cert. denied, 367 So.2d 1123 (Fla. 1979) (amendment to pleading asserting minor's own personal injuries in suit for wrongful death of his father presented new cause of action and did not relate back to date of filing of complaint). Our holding makes it unnecessary to decide whether, as appellant also contends, the amendment was filed within the statute of limitations.
Reversed and remanded with directions to proceed with the cause.