WENTWORTH, Judge.
Appellant seeks review of a Public Employees Relations Commission order dismissing its unfair labor practice charge against the Pasco County Board of County Commissioners. Appellant raises several issues on appeal: 1) whether the Commission erred in failing to find the County engaged in surface bargaining; 2) whether the Commission erred in overturning the hearing officer’s finding that the County engaged in discriminatory conduct against union employees by withholding wage increases and offering lesser wage increases to union members; 3) whether the Commission erred in failing to find the County’s withholding of a wage increase constituted a unilateral change in material terms of employment; and 4) whether the hearing officer and Commission erred in concluding that the discriminatory withholding of an October 1, 1983 wage increase to union member employees was time barred. We affirm PERC’s order.
Appellant, representing Pasco County's fire and emergency medical technician employees, on April 1, 1985, filed an unfair labor practice charge against the Pasco County Board of County Commissioners, alleging that the county failed to bargain in good faith by failing to meet at reasonable times and places with union representatives, placing unreasonable restrictions on the union and its bargaining team as a prerequisite to meeting, failing to discuss bargainable issues, negotiating directly with employees rather than with the union, and engaging in a pattern and practice of surface bargaining without an intent to reach a common accord or a sincere desire to resolve differences. These charges stemmed from the parties’ attempts to reach agreement during 13 bargaining sessions over a period of 18 months. Following an administrative hearing in June, July and August, 1985, the hearing officer issued a recommended order finding that the county’s withholding of wage and merit pay increases from union employees on and after October 1, 1984 was a violation of section 447.501(l)(a) and (c), the county’s withholding of wage and merit pay increases from union employees on and after October 1, 1984, was discriminatory and a violation of section 447.501(l)(b), and the county’s withholding of wage and merit pay increases from union employees on and after October 1,1984 and its overall course of conduct demonstrating a failure and refusal to bargain in good faith with the union from October 1, 1984 onward was a violation of section 447.501(a)(1) and (c). The hearing officer awarded attorney’s fees and costs to the union pursuant to section 447.503(6)(c). PERC on December 23, 1985 issued its order, adopting some of the hearing officer’s findings of fact, but substituting its findings for those of the hearing officer on several issues. The Commission concluded that the hearing officer erred in finding a violation of section 447.501, dis *543 missed appellant’s charge, and denied the county’s request for attorney’s fees and costs.
Both PERC and the hearing officer found, as to issue (4), supra, that under section 447.503(6)(b), the employee’s burden is to prove that an unfair labor practice occurred within six months of the filing of his complaint,[1] but the employee may seek to prove the charge by evidence of events occurring prior to the six-month period. Under those circumstances, the hearing officer must receive evidence of such events, resolve conflicts in the evidence, determine the credibility of witnesses and evaluate this evidence as it bears on the unfair labor practice charged to have occurred within the six-month limitation period. DaCosta v. PERC, 443 So.2d 1036 (Fla. 1st DCA 1983). In this case, the hearing officer considered occurrences prior to October 1, 1984 as evidence shedding light on the county’s asserted failure to bargain in good faith, and the Commission properly accepted the hearing officer’s consideration of those occurrences.
The three substantive arguments, supra, require consideration of section 447.203(14), Florida Statutes, requiring parties engaged in collective bargaining “to negotiate in good faith.” Under section 447.203(17), Florida Statutes:
Good faith bargaining shall mean, but not be limited to, the willingness of both parties to meet at reasonable times and places, ... with the intent of reaching a common accord. It shall include an obligation for both parties to participate actively in the negotiations with an open mind and sincere desire, as well as making a sincere effort, to resolve differences and come to an agreement. In determining whether a party failed to bargain in good faith, the Commission shall consider the total conduct of the parties during negotiations as well as the specific incidents of alleged bad faith.
With respect to the surface bargaining issue, PERC’s order contains a detailed evaluation of the voluminous evidence, restatement of which would serve no useful purpose. The controlling principles are stated in relevant part as follows:
... [W]e conclude that there is not competent substantial evidence to support the hearing officer’s recommended conclusion that the withholding of wage and merit pay increases on October 1, 1984, was intended to discourage membership in Local 444. We thus find no violation of Section 447.501(l)(a) of (b).
We addressed the scope of review of a hearing officer’s recommended finding of surface bargaining in Escambia Education Ass’n v. School Board of Escam-bia County, 10 FPER para. 15262 (1984).... After a lengthy discussion of relevant precedent and policy considerations, we concluded:
Upon consideration, it is our opinion that the issue of ‘good faith bargaining,’ to the extent that it could be considered to be a question of fact, is the kind of factual issue on which the Commission has more discretion to reject a hearing officer’s recommendation, consistent with our duty to implement policy which will promote ‘harmonious and cooperative relationships between government and its employees, both collectively and individually.’ sec. 447.201, Fla.Stat. (1983); see City of Clearwater v. Lewis, 404 So.2d 1156 (Fla. 2d DCA 1981). Our determination is based in part upon the legislative directive that the definition of ‘good faith bargaining’ shall ‘not be limited to’ the statutory definition alone. sec. 447.203(17), Fla.Stat. *544 (1983). We interpret this directive as requiring the application of policy considerations as well as the specifically listed statutory criteria when determining whether failure or refusal to bargain in good faith has occurred.
10 FPER para. 15262 at 575.
As has often been noted, surface bargaining is difficult to prove because labor agencies are justifiably reluctant to sit in judgment upon substantive bargaining proposals. See Cox, ‘The Duty to Bargain in Good Faith,’ 71 Harv.L. Rev. 1401, 1419 (1958). A public employer cannot lawfully be compelled to make a specific concession so long as its refusal to do so is not motivated by a desire to frustrate bargaining. Therefore, one often examines an employer’s conduct away from the bargaining table. As the hearing officer correctly noted, hard bargaining is entirely lawful; ‘surface bargaining,’ which is characterized as a mere pretense at negotiations belying a true intent to reach agreement, is not....
[[Image here]]
It should be apparent from the previous discussion that in examining the alleged surface bargaining violation in this case, we have considered the conduct of both parties involved in the negotiations.... Considering as we must the evidence on the record as a whole, including Local 444’s contribution to the failure to reach agreement, we have determined that the County did not violate its duty to bargain in good faith during the course of these negotiations. The evidence here falls significantly short of what has been required in prior Commission cases predicated upon similar allegations_ However, with regard to two particular matters, we are constrained to note that the County’s conduct, while not unlawful, indicates less than an unequivocal commitment to good faith bargaining.
The disposition of this issue appears to have been made in full recognition that willful bad motive is not the issue, that a good faith refusal to bargain is still a violation of the statute. School Board of Pasco County v. PERC, 353 So.2d 108 (Fla. 1st DCA 1977). Our affirmance is in accord with this court’s prior view that a refusal to bargain determination “is a policy decision which PERC is well suited to make.” Palm Beach Junior College v. United Faculty of Palm Beach Junior College, 425 So.2d 133 (Fla. 1st DCA 1983), app’d. in part, disapp’d. in part, 475 So.2d 1221 (Fla.1985).
As to issues two and three, alleged unilateral change and discriminatory withholding of wage and merit pay increases, PERC held:
The case now before us was not plead as a unilateral change case. The necessary elements of proof are not set forth in Local 444’s change or supporting doc-uments_ Local 444’s post-hearing memorandum ... is too little and too late to provide fair notice to the County.
[[Image here]]
... [0]ur procedural determination is reinforced by the dearth of record evidence on the ‘established past practice’ element of proof. In fact, what evidence there is on merit pay strongly indicates that there was not a consistent past practice. The 2% merit raises granted to unrepresented employees effective October 1, 1984, were granted pursuant to a new merit pay plan which was apparently not in effect one year earlier. See charging Party’s Exhibits 7 and 9. With respect to other pay increases, the record fails to reveal in sufficient detail the totality of circumstances surrounding such increases in the years immediately preceding October 1, 1984, including such basic information as the frequency or amount of any such increases.... [W]e conclude here that the record lacks competent substantial evidence to support the hearing officer’s findings or conclusion that annual wage and merit pay increases were established conditions of employment for County employees. Thus the County did not violate the law by unilaterally withholding wage and merit pay increases on October 1, 1984, from employees represented by Local 444.
*545 ... This determination removes the central factor from the list of circumstances upon which the hearing officer relied in also finding the withholding of wage and merit pay increases to be discriminatory and therefore in violation of Section 447.-501(l)(a) and (b). Our review of cases relied upon by the hearing officer discloses that other factors in those eases are either absent here or present to a significantly lesser degree.
[[Image here]]
... [W]e conclude that there is not competent substantial evidence to support the hearing officer’s recommended conclusion that the withholding of wage and merit pay increases on October 1, 1984, was intended to discourage membership in Local 444. We thus find no violation of Section 447.501(l)(a) or (b).
We agree that the discrimination element of the charge here cannot be analyzed separately from the entire course of conduct of negotiations treated in connection with the other charges, and that in this case it involves the same policy considerations which distinguish such determinations from the resolution of purely factual matters by the hearing officer.
Affirmed.
WIGGINTON and NIMMONS, JJ., concur.

. One of the time issues, which does not appear to be critical because of the limited reliance on evidence of earlier events, arose from the dismissal of the original charge filed April 1, 1985, by order of PERC’s general counsel, and refiling of an amended charge on the correct form on April 24, 1985. PERC found the operative date to be April 1, noting, "The question is one of first impression under our current practice of delegating the authority to consider the sufficiency of unfair labor practice charges to the General Counsel. See In re PERC Rule 38D-21.-01, 10 FPER para. 15137 (1984),” citing Scarfone v. Marin, 442 So.2d 282 (Fla. 2d DCA 1982); Peters v. Mitchel, 423 So.2d 983 (Fla. 3d DCA 1982); In re Wood’s Estate, 271 So.2d 42 (Fla. 3d DCA 1972).