Mary **RIVERA,** as Personal Representative of the Estate of Joseph Rivera, Plaintiff,

v.

**UNITED STATES of America,**
**Defendant.**

No. 88–1696–Civ.

United States District Court,
S.D. Florida.

April 12, 1991.

Carey M. Fischer, Fort Lauderdale, Fla., for plaintiff.

Marilyn Koonce, Asst. U.S. Atty., Miami, Fla., for defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF FROM FINAL JUDGMENT

JAMES LAWRENCE KING, Chief Judge.

This cause is before the court upon the plaintiff's motion to reopen judgment and to amend the complaint to add a damage claim on behalf of John J. Rivera, the minor son of the plaintiff's decedent. The plaintiff, Mary Rivera, has filed this motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. In essence, Mary Rivera claims that this court has broad discretion in granting relief pursuant to Rule 60(b) for the limited purpose of taking additional evidence to provide for a claim on behalf of John J. Rivera. The defendant, the United States, alleges that the granting of such a motion would be highly prejudicial to the government and should be rejected outright by the court. The defendant also asserts that the plaintiff's motion does not satisfy the prerequisites of the rule to reopen and amend the judgment under the facts and circumstances set forth in her motion.

## I. Legal Standard

Federal Rule of Civil Procedure 60(b) provides in pertinent part that:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment.

■ Plaintiff, in her motion to reopen judgment, states that it was through excusable neglect or inadvertence that she failed to include John J. Rivera as a claimant in the above-styled action. In support of her motion to reopen judgment, the plaintiff cites Rule 60(b) and several cases in which courts allowed judgments to be reopened. Under the facts of the *Rivera* case, the plaintiff has demonstrated that the omission of John J. Rivera as a claimant in the suit was due to excusable neglect or inadvertence. The affidavits of Carey Fischer, Mary Rivera, and John J. Rivera establish that the failure to list John Rivera as a claimant in the original complaint was due to excusable miscommunication between these parties. Given the liberal policy toward finding excusable neglect and granting Rule 60(b) motions, it has been held that such miscommunication between an attorney and his client constitutes excusable neglect. *See Ticketron v. Record Museum, Inc.,* 92 F.R.D. 6 (E.D.Pa.1981); *cf. Bavouset v. Shaw's of San Francisco,* 43 F.R.D. 296 (S.D.Tex.1967).

■ Assuming, arguendo, that the failure to list John Rivera as a claimant was not the result of excusable neglect, the government has failed to refute the compelling argument that the plaintiff's Rule 60(b) motion falls within the equitable catch-all provision of Rule 60(b)(6). Courts liberally apply Rule 60(b)(6) to allow a claim to be heard on its merits:

Most recent cases applying the rule with which we are here concerned have uniformly held for its liberal construction so that any case presenting the question of substantial rights should be resolved in favor of the petition to set aside a judgment where a litigant has not been afforded an opportunity to have his case decided on the merits.... The power vested in the courts under Rule 60(b)(6) is sufficient to enable them to vacate a judgment when such action is appropriate to accomplish justice.

*In re Cremida's Estate,* 14 F.R.D. 15, 17 (D.Alaska 1953) (citing *Klapprott v. United States,* 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949)). Here, John J. Rivera is an innocent party whose damage claim may be precluded by the excusable miscommunication of others. Justice requires that his damage claim be heard on the merits, especially where the court has already determined the government's liability and the government will suffer no prejudice other than increased damages. Moreover, the government was put on notice that the decedent had additional children who could plausibly be potential beneficiaries, although the government was told that these children were all adults.

■ Although the government asserts that John Rivera's claim should be barred for failure to meet the administrative claim requirement of the Federal Tort Claims Act, legal precedent has dictated otherwise. Assuming, arguendo, that Rivera failed to meet the requirements of the Federal Tort Claims Act by failing to properly file an administrative claim, such a determination is not dispositive. The Eleventh Circuit has expressly held in *Hiatt v. United States,* 910 F.2d 737 (11th Cir.1990), and *Davis v. Marsh,* 807 F.2d 908 (11th Cir. 1987), that the claim of an additional child which was omitted from the original Administrative Claim will be deemed to be included within the original Administrative Claim filed by the personal representative. These cases deemed the omitted additional children as included in the Administrative Claim.

■ Lastly, the amended complaint relates back for the purposes of the statute of limitations. The government is not prejudiced as a matter of law by the addition of a claim on behalf of John J. Rivera. In the absence of such prejudice, the government's alleged "surprise" is an insufficient

basis to avoid the dictates of Rule 15(c) that the amendment adding John J. Rivera relate back to the filing of the complaint for the purpose of the statute of limitations. Federal Rule of Civil Procedure 15(c) provides that leave of court to allow a party to amend his pleading "shall be freely given when justice so requires." In 1966, Rule 15(c) was amended to clarify that amendments to a pleading relate back to the filing of the initial pleading. Rule 15(c) provides:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

The government argues that it had no notice of a potential claim by John J. Rivera and no notice of damages suffered by him. The government also argues that in a case where a defendant is surprised by the addition of a new claimant, there is no support for the addition of a claim where the defendant is surprised and had no knowledge of an additional claimant who could plausibly be the beneficiary of a wrongful death action. The government cites *Williams v. United States,* 405 F.2d 234 (5th Cir.1968), for the proposition that the opposing party must have had notice of the particular claimants for a belated claim to relate back. However, it has been held that notice of additional claimants is implied where the applicable wrongful death statute provides that there is only one cause of action for wrongful death which must be brought in a representative capaci-

ty. *See Flanagan v. McDonnell Douglas Corp.,* 428 F.Supp. 770 (C.D.Cal.1977).

Under Florida law, there is likewise only a single cause of action for wrongful death, instituted by the personal representative on behalf of all claimants. *See* Fla.Stat. § 768.20. Thus, Florida courts hold that subsequent claims by additional parties for wrongful death damages relate back to the filing of the original complaint. *Talan v. Murphy,* 443 So.2d 207 (Fla. 3d DCA 1983), *rev. denied,* 451 So.2d 849 (Fla.1984); *Peters v. Mitchel,* 423 So.2d 983 (Fla. 3d DCA 1982).

Accordingly, John J. Rivera's claim for damages relates back to the filing of the claim by Mary Rivera as personal representative of the Estate, and the statute of limitations does not bar the filing of the amended complaint adding a damage claim on his behalf.

## II. Conclusion

Accordingly, after careful consideration of this matter and for the reasons set forth above, this court

ORDERS and ADJUDGES that the plaintiff's motion to reopen judgment under Rule 60(b) be, and the same hereby is, GRANTED to allow the plaintiff to amend the complaint to add a damage claim on behalf of John J. Rivera, a minor son of the decedent. The court further

ORDERS and ADJUDGES that a trial shall be had in the above-styled case solely on the damage claim of John J. Rivera. Discovery may commence solely on the issue of damages, and all proceedings and pre-trial matters shall be governed by the accompanying pre-trial order.

DONE AND ORDERED.