DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**KIMBERLY RODEN,** as Personal Representative, for the Estate of
**LORETTA RODEN,** deceased,
Appellant,

v.

**R.J. REYNOLDS TOBACCO COMPANY,** individually and as successor
my merger to **BROWN & WILLIAMSON TOBACCO CORPORATION**
(a/k/a **BROWN & WILLIAMSON USA, INC.**), individually and as
successor by merger to **THE AMERICAN TOBACCO COMPANY** (f/k/a
**THE AMERICAN TOBACCO COMPANY INC.**), a foreign corporation;
**LORILLARD TOBACCO COMPANY,** a foreign corporation; **LORILLARD,
INC.,** a foreign corporation; **ALTRIA GROUP, INC.,** a foreign corporation
and **PHILIP MORRIS, U.S.A., INC.,** (f/k/a **PHILIP MORRIS INC**.), a
foreign corporation; **VECTOR GROUP LTD, INC.,** (f/k/a **BROOKE
GROUP LTD., INC.,** f/k/a **BROOKE GROUP HOLDING INC.**), and
holding company for **LIGGETT GROUP, LLC,** individually and successor
by merger to the **LIGGETT GROUP INC**., (f/k/a **LIGGETT & MYERS
TOBACCO COMPANY**), a foreign corporation; **LIGGETT GROUP, LLC.,** a
foreign corporation; **THE COUNSIL FOR TOBACCO RESEARCH U.S.A**.,
a foreign corporation; **THE TOBACCO INSTITUTE, INC.,** a foreign
corporation and **JOHN DOE CORPORATION,** unknown at this time,
Appellees.

No. 4D11-4211

[August 13, 2014]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm
Beach County; Timothy McCarthy, Judge; L.T. Case No.
502008CA000683.

Chanthina Abney of Gary, Williams, Lewis & Watson, P.L., Stuart, for
appellant.

Geoffrey J. Michael of Arnold & Porter LLP, Washington, D.C., for
appellee Philip Morris USA Inc.

Charles R.A. Morse of Jones Day, New York, New York, for appellee R.J.

Reynolds Tobacco Company.

Elliot Scherker, David L. Ross, Julissa Rodriguez and Stephanie L. Varela of Greenberg Taurig, P.A., Miami, for appellee Lorillard Tobacco Company.

Karen H. Curtis of Clarke Silvergate, P.A., Miami, Co-Counsel for appellee Liggett Group LLC.

PER CURIAM.

Kimberly Roden appeals the trial court's order granting the tobacco companies' motion to dismiss. Roden argues that the trial court erred in determining that the complaint could not be amended to add a wrongful death claim. We agree.

In January 2008, the original plaintiff, Loretta Roden ("Loretta"), filed a complaint against the tobacco companies as a member of the *Engle*[1] class. Loretta alleged that she suffered injuries caused by smoking cigarettes and the actions of the tobacco companies.

In May 2008, during the pendency of the case, Loretta died. Her death certificate listed the causes of death as cardiac arrest, myocardial infarction, and coronary artery disease. On September 29, 2008, Loretta's daughter, Roden, filed a motion for substitution of party, seeking to substitute herself into the suit as Loretta's personal representative. In January 2009, the trial court signed an order granting Roden's motion to substitute.

In August 2011, the tobacco companies filed a motion to dismiss the complaint. In the motion to dismiss, the tobacco company argued that "the personal injury claim was extinguished by [Loretta]'s death", and therefore the complaint should be dismissed, and cited to *Niemi v. Brown & Williamson Tobacco Corp.*, 862 So. 2d 31 (Fla. 2d DCA 2003), and *Taylor v. Orlando Clinic*, 555 So. 2d 876 (Fla. 5th DCA 1989). The tobacco companies also cited to section 768.20, Florida Statutes (2013), arguing that the statute dictated that the personal injury action could not survive Loretta's death, and since Roden never filed a complaint or an amended complaint seeking a wrongful death claim, the action had "abated" and the complaint must be dismissed. The tobacco companies also argued that Roden could not be granted leave to amend the complaint to add a wrongful death claim because the wrongful death action had to be filed as

---

[1] *Engle v. Liggett Grp., Inc.*, 945 So. 2d 1246 (Fla. 2006)

a separate cause of action and that the statute of limitations for a wrongful death claim[2] had already run.

After the tobacco companies filed the motion to dismiss, Roden sought leave to file an amended complaint which included a wrongful death claim. Roden stated that she had not promptly filed a wrongful death claim because she erroneously thought that a complaint, which included a wrongful death claim, had been filed by her prior attorney. The tobacco companies filed an opposition to this motion, along with a motion to dismiss the amended complaint.[3]

In October 2011, after a hearing on the issues, the trial court judge entered an order granting the tobacco companies' motion to dismiss. The order stated "that Defendant's Motion to Dismiss is Granted based on FS 768.20 and *Capone v. Philip Morris*, 56 So. 3d 34 (Fla. 3rd DCA 2011) [sic] and *Niemi v. Brown & Williamson*, 862 So. 2d 31 (Fla. 2d DCA 2003)." Roden appeals this order, raising two issues: (1) whether a wrongful death claim must be brought as a new and separate cause of action when a plaintiff dies during the pendency of a personal injury action, and (2) whether the statute of limitations for wrongful death claims bars Roden's ability to amend the complaint in the instant case. We answer both in the negative.

## I.      *Wrongful Death as a Separate Cause of Action*

The first issue is whether a personal injury claim can be amended to add a wrongful death cause of action when a personal injury plaintiff dies during the pendency of the case. "Whether a personal injury complaint can be amended upon the death of an injured party plaintiff to add a wrongful death claim or to substitute parties is a pure question of law. Therefore, our standard of review is *de novo*." *Capone v. Philip Morris U.S.A., Inc. (Capone II),* 116 So. 3d 363, 373 (Fla. 2013) (citing *Universal Ins. Co. of N. Am. v. Warfel,* 82 So. 3d 47, 57 (Fla. 2012)).

---

[2] The statute of limitations on a wrongful death claim is two years. § 95.11(4)(d), Fla. Stat. (2013).

[3] Based on the record, it seems as though the parties argued Roden's request for leave to file the amended complaint in conjunction with the tobacco companies' motion to dismiss at the October 11, 2011 hearing. However, it also seems as though the trial court did not make an explicit ruling on Roden's motion for leave to file an amended complaint, but implicitly rejected it by granting the tobacco companies' motion to dismiss.

In its order granting the tobacco companies' motion to dismiss, the trial court judge specifically cited to section 768.20, *Capone v. Philip Morris (Capone I)*, 56 So. 3d 34 (Fla. 3d DCA 2011), and *Niemi v. Brown & Williamson*, 862 So. 2d 31 (Fla. 2d DCA 2003). During the pendency of this appeal, the Florida Supreme Court reviewed *Capone I* and reversed the Third District's holding. *Capone II*, 116 So. 3d at 377.

The main issue our supreme court analyzed in *Capone II* was whether the term "abate" as used in section 768.20 means that a personal injury claim, upon the death of the plaintiff, is completely extinguished. *Capone II*, 116 So. 3d at 376. The Court stated:

> [W]e hold that when a personal injury action "abates" pursuant to section 768.20, this does not require that the entire case be deemed immediately void and must be dismissed. . . . Instead, "abate," as that term is used in section 768.20 must be interpreted to cause the case to be suspended until the personal representative of the decedent's estate is added as a party to the pending action and receives a reasonable opportunity to amend the complaint to state the damages sought under a wrongful death claim *or* to state both a claim for survival damages and, in the alternative, wrongful death where—as here—the cause of the decedent's death may be disputed by the parties.

*Id.* at 376-77 (internal citation omitted). The tobacco companies' argument, with which the trial court agreed, that a wrongful death complaint must be brought as a separate cause of action, was explicitly rejected by our supreme court. Without the benefit of *Capone II*, it was thus error for the trial court to grant the tobacco companies' motion to dismiss based on *Capone I*, which has been overturned.

## II.    *Statute of Limitations and the Relation Back Doctrine*

The tobacco companies also argue that their motion to dismiss was properly granted because the two year statute of limitations period on a wrongful death claim had run prior to Roden seeking to amend the complaint. Roden however, argues that the wrongful death claim relates back to the filing of the complaint and is therefore not time-barred. We agree that the claim relates back.

Florida Rule of Civil Procedure 1.190(c) states that "[w]hen the claim or defense asserted in the amended pleading arose out of the *conduct, transaction, or occurrence* set forth or attempted to be set forth in the

original pleading, the amendment shall relate back to the date of the original pleading." Fla. R. Civ. P. 1.190(c) (emphasis added). "To survive a motion to dismiss after the statute of limitations has passed, an amended complaint must relate back to the original pleading made before the expiration of the statute of limitations." *Flores v. Riscomp Indus., Inc.*, 35 So. 3d 146, 147 (Fla. 3d DCA 2010). A determination whether an amended complaint arises out of the same general facts and thus relates back is reviewed *de novo*. *Id.* at 147-48.

The tobacco companies cite to *Cox v. Seaboard Coast Line R.R. Co.*, 360 So. 2d 8 (Fla. 2d DCA 1978), in support of their argument that the wrongful death claim should not relate back. In *Cox*, a minor and his parents were involved in a train-car collision. 360 So. 2d at 9. The minor brought a wrongful death action for the death of his mother, recovered, and then brought a separate wrongful death suit for the death of his father. *Id.* After the two-year statute of limitations period for a personal injury action had run, the minor sought to amend the wrongful death complaint for his father's death to add a personal injury claim for his own injuries. *Id.* The Second District affirmed the trial court's order denying the minor leave to amend his complaint. *Id.* at 10. The court held that, although the rules regarding motions for leave to amend are generally construed liberally, the "[m]inor's personal injury action [wa]s a different cause of action than his wrongful death cause of action." *Id.* at 9-10. Therefore, the relation back doctrine did not apply because the doctrine "does not authorize a plaintiff, under the guise of an amendment, to state a new and different cause of action." *Id.* at 9.

The tobacco companies also cite to *School Board of Broward County, Florida v. Surette*, 394 So. 2d 147 (Fla. 4th DCA 1981), as authority. In *Surette*, the parents of a minor, who was killed when she was hit by an automobile, filed a wrongful death action, and then later amended the complaint to add a survival claim. 394 So. 2d at 149. However, since the survival action was added to the claim after the statute of limitations had run, this court held that the case should be dismissed because

> the amended complaint in the present case not only alleged a *different cause of action* from that alleged in the original complaint, but it was also filed by a *different party*. The original complaint was filed by the parents of the deceased for their own damages; the amended complaint was filed by the estate for different damages.

*Id.* at 154 (emphasis added).

- 5 -

We find this case distinguishable from both *Cox* and *Surette*. In *Cox*, the damages sought in the amended claim were from an injury separate and apart from the injury in the original complaint. The amended claim in *Cox* sought recovery for the injuries the minor *himself* sustained in the accident (personal injury claim), as opposed to the recovery sought in the original complaint, based on the fact that *his father* initially sustained physical injuries, then later died (wrongful death claim). In the instant case, the damages sought in both the personal injury claim and the wrongful death claim were based on the allegation that the initial, and eventual, injuries to the decedent were caused by smoking cigarettes. This case is also distinguishable from *Surette*, because, here, the amended complaint was *not* filed by a "different party," since the trial court had previously granted Roden's motion to substitute.

Black's Law Dictionary defines "cause of action" as "[a] group of operative facts giving rise to *one or more bases for suing*; a factual situation that entitles one person to obtain a remedy in court from another person." Black's Law Dictionary (9th ed. 2009) (emphasis added). Since the personal injury action arose based on Loretta's claim of injury due to smoking cigarettes, and the wrongful death claim is based on the exact same facts, we determine that the two causes of action arose out of the same transaction. Just as the Third District held in *Flores*, "[a]lthough additional allegations of fact were inserted into the complaint as it progressed through its steps, and the legal theories of recovery were supplemented and modified, the *substantive factual situation remained the same* as that found in the original complaint." 35 So. 3d at 147 (emphasis added).

An additional consideration courts have analyzed in determining whether the relation back doctrine applies to a case is notice to the other party. For example, in *Handley v. Anclote Manor Foundation*, 253 So. 2d 501, 502 (Fla. 2d DCA 1971), the Second District reviewed a trial court order dismissing an amended complaint which sought to add the guardian of the decedent's son as a plaintiff to the action. The Second District reversed the trial court's order, and held that the amended complaint related back to the original filing because

> [t]here ha[d] been no prejudice shown. The defendants knew upon the filing of the original complaint that there was a child who survived the decedent and who might plausibly claim under the wrongful death statute on the same allegations of fact. There is no surprise, and in

- 6 -

> our view the consistent interpretation of our Rules would require the trial court to permit the amended complaint to stand as of the date of the original complaint's filing.

*Id.* Although the *Handley* case involved an amendment adding a party, versus a different claim, in the instant case, just as in *Handley*, there were no surprises; Roden filed Loretta's death certificate on September 29, 2008, less than five months after Loretta's death. Therefore, the tobacco companies were on notice of Loretta's death well before Roden sought to amend the complaint, and well within the two-year statute of limitations period. *See also Frances v. Plaza Pac. Equities, Inc.*, 847 P.2d 722, 727 (Nev. 1993) ("[Defendant] was fully informed of the factual basis for an eventual wrongful death claim through the original complaint. Moreover, [defendant]'s counsel filed the suggestion of death on the record after [the decedent] died, thereby eliminating any conjecture as to whether [defendant] had notice of [the decedent]'s demise prior to [the representative]'s request to amend the complaint and add the wrongful death claim.").

Both parties also discuss how different jurisdictions have decided the issue of whether a wrongful death claim relates back to the original filing. As the tobacco companies point out, these are based on different relation back doctrines and wrongful death statutes. However, multiple states, as well as cases based on the Federal Rules of Civil Procedure, which have similar "conduct, transaction, or occurrence" language in their relation back doctrines, have supported wrongful death claims relating back to the filing of the original complaint. *See Lewin v. Am. Export Lines, Inc,* 224 F.R.D. 389, 398 (N.D. Ohio 2004) ("Here, Plaintiffs seek to add a new claim, *i.e.* wrongful death, arising from the asbestos exposure asserted in the original Complaints. Based on the standard set forth in Rule 15(c)(2) and Sixth Circuit case law, this claim should 'relate back' to the original pleadings."); *Sompolski v. Miller*, 608 N.E.2d 54, 57-58 (Ill. App. Ct. 1992) (holding that a wrongful death claim related back to a personal injury claim in an automobile accident case where the "wrongful death claim . . . arose from the same transaction or occurrence" as the original complaint and "the defendant was advised of the essential facts necessary to prepare his defense," even with the added claim); *In re Olympia Brewing Co. Sec. Litig.*, 612 F. Supp. 1370, 1372 (N.D. Ill. 1985) (discussing cases where courts have found no relation back under rule 15, where amendments sought were distinct from the original pleadings, the facts set forth were separated by a significant amount of time, the claims sought to be added were based on facts of a different character, and the facts alleged led to different injuries); *Velez v. Springer*, 476 N.Y.S.2d 374, 375 (N.Y. App. Div.

1984) ("There can be no question that an amendment of a complaint to assert a cause of action for wrongful death, based upon the same acts which have already occasioned a pending personal injury action, will be within the 'relation back' provisions.").

Therefore, we reverse the trial court's order granting the tobacco companies' motion to dismiss, and remand the case for further proceedings consistent with this opinion.

*Reversed and Remanded.*

STEVENSON, TAYLOR and CONNER, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***