309 So.2d 253 (1975)
Gilbert E. SURETTE et al., Petitioners,
v.
Arthur GALIARDO, Jr., et al., Respondents.
Nos. 74-1207, 74-1523.
District Court of Appeal of Florida, Fourth District.
March 7, 1975.
Irma V. Hernandez and Larry O. Schatzman, of Sepler & Sussman, Hialeah, for petitioners.
William S. Gardella, of Walton, Lantaff, Schroeder, Carson & Wahl, Fort Lauderdale, for respondents, School Board of Broward County and Pacific Indemnity Ins. Co.
WALDEN, Judge.
Because of the special circumstances of this case we feel that plaintiffs may reasonably suffer material injury throughout the subsequent proceedings for which the remedy by appeal will be inadequate. We exercise our discretionary power to entertain the grievance via common law certiorari. Girten v. Bouvier, 155 So.2d 745 (2d D.C.A.Fla. 1963).
Pre-trial plaintiffs attempted to add certain additional insurers of the Broward County School Board as defendants in this tort action. It is our view that the trial court departed from the essential requirements of law when it denied the plaintiffs' motion to amend the complaint, which motion would have brought the insurers into the suit.
Leave to amend should be freely granted. F.R.C.P. 1.190 (1974); Gull Construction Co. v. Hendrie, 271 So.2d 775 (2d D.C.A.Fla. 1973); Petterson v. Concrete Construction, Inc., 202 So.2d 191 (4th D.C.A.Fla. 1967). Thus we grant certiorari; quash the order denying plaintiffs' motion *254 to amend the complaint; and remand for further proceedings.
This decision shall be without prejudice to the right of the new defendants to assert such defenses by way of motion, answer and affirmative defenses as they are advised. We do not express an opinion at this time as to the issue of statute of limitations if same should be raised.
Certiorari granted, with directions.
OWEN, C.J., and DOWNEY, J., concur.