PER CURIAM.
Appellants have proceeded under Florida Rule of Appellate Procedure 9.110 to seek review of three trial court orders. One disallowed appellants’ motion to amend a counterclaim to join a nonparty and the other two denied appellants’ motion and supplemental motion to add that nonparty as a counter-defendant. Neither was a final order reviewable under the Florida Rule of Appellate Procedure 9.110 nor was either reviewable under Florida Rule of Appellate Procedure 9.130.
We have in the past entertained a petition for writ of certiorari directed to an order of the trial court which denied plain *779 tiffs’ motion to add parties as defendants. In Surette v. Galiardo, 309 So.2d 253 (Fla. 4th DCA 1975) we granted certiorari in such case on the ground that plaintiffs may have reasonably suffered material injury for which a later appeal may have been inadequate.
In the present ease the trial court, in denying appellants’ motion for leave to file an amended counterclaim against one not a party, said:
3. This order shall be with prejudice as to the proposed Counterclaim against the Estate of Frank M. Wallace, but shall not prejudice the Defendants from taking any type of appropriate action against the Estate.
By the language of the foregoing order and as a result of the other orders appellants were free to initiate an independent action against the estate and to seek consolidation of the two actions. The only thing the trial court prohibited was the use of a counterclaim as the means of defendants proceeding against one not a plaintiff in the action.
In summary, we shall treat this appeal as a petition for writ of certiorari but shall deny relief upon the ground that the trial court did not depart from the essential requirements of law when it entered its orders.
IT IS SO ORDERED.
LETTS, C. J., and DOWNEY and GLICKSTEIN, JJ., concur.