PER CURIAM.
We affirm an order granting final judgment of foreclosure under section 702.10, Florida Statutes (1993). Although several grounds have been asserted as a basis for affirming the lower court’s order, we address only one, as it is dispositive of the issue on appeal. Green v. First American Bank and Trust, 511 So.2d 569 (Fla. 4th DCA 1987), rev. denied, 520 So.2d 584 (Fla.1988).
In December 1993, Lennar Florida Partners I, as authorized by section 702.10, sought a summary foreclosure of its interest in a parcel of land known as the “Smith Dairy Property.” Pursuant to the procedure set forth in section 702.10(l)(a), an order to show cause was served on Appellant and a hearing on the order set. In response, as authorized by the statute, Appellant filed a “verified” answer, affirmative defenses, and a counterclaim. However, rather than stating under oath that the facts contained therein were true, Appellant swore only that the facts were “true to the best of his knowledge and belief.”
Section 92.525(4)(e), Florida Statutes (1993) states that “[t]he requirement that a document be verified means that the document must be signed or executed by a person and that the person must state under oath or affirm that the facts or matters stated or recited in the document are true, or words of that import or effect.” Further, section 92.525(2) authorizes verification solely on information and belief only where “permitted by law.” See State, Department of Highway Safety & Motor Vehicles v. Padilla, 629 So.2d 180 (Fla. 3d DCA 1993) (verification on information or belief permissible under section 322.2615(2), Florida Statutes (1991), where statute authorized affidavit stating “officer’s grounds for belief’ that person arrested had violated section 316.193), rev. denied, 639 So.2d 980 (Fla.1994). The term document includes pleadings. § 92.525(4)(b) (1993).
Reviewing section 702.10 in light of the requirements in section 92.525, we find no basis for permitting verification under section 702.10 to be made solely on “information or belief.” As such, Appellant’s verified answer was insufficient to preclude entry of a final judgment of foreclosure as provided for in sections 702.10(l)(b) and (l)(c).
We have considered Appellant’s contention that we need not be concerned with section 92.525 in light of section 702.10’s authorization of the filing of presumably unverified defenses by motion. However, we read this portion of the statute to reference only motions attacking matters appearing on the face of the complaint. We recognize that strict interpretation of this statute might lead to inequitable results in some conceivable circumstances such as those where information needed to prove allegations is exclusively within the knowledge or possession of a party’s opponent or a third party. Nevertheless, the statute is clear and we are bound by its provisions.
STONE, POLEN and KLEIN, JJ., concur.