SILBERMAN, Chief Judge.
Petitioner Trucap Grantor Trust 2010-1 seeks certiorari review of a nonfinal order that denies without prejudice Trucap’s motion to amend its complaint to add a count to reestablish a lost promissory note in Trucap’s mortgage foreclosure action against Respondents Glenn and Linda Pelt and other interested parties. The trial court denied Trucap’s motion to amend its complaint without prejudice based on the court’s interpretation of the verification requirement in Florida Rule of Civil Procedure 1.110(b). We grant the petition and quash the trial court’s order.
Trucap filed an action to foreclose real property and subsequently filed on March 29, 2011, a motion to amend the complaint to add a count to reestablish a lost promissory note. Trucap filed a copy of its proposed amended complaint with its motion. The trial court determined that Trucap’s verification of the amended complaint, now required by rule 1.110(b), was insufficient because it was based on “knowledge and belief.” The trial court determined that the verification in a foreclosure action “must allege that the facts in the complaint are ‘true and correct’ without any qualifying statements.” The trial court denied the motion to amend as to the proposed amended complaint, but the court allowed Trucap forty-five days to file an amended complaint that would include what the court believed to be the required verification language. The court stated that pursuant to section 92.525(2), Florida Statutes (2010), the amended complaint must contain a verification that states, “Under penalties of perjury, I declare that I have read the foregoing complaint and the facts stated in it are true.”
In its petition for writ of certiorari, Tru-cap asserts that the trial court departed from the essential requirements of the law by imposing a more stringent requirement than rule 1.110(b) provides for and that Trucap is unable to comply with the trial court’s ruling. Trucap contends that it is unable under penalty of perjury to verify that the alleged facts are true without the qualifying language “to the best of my knowledge and belief.” We note that the proposed amended complaint alleges Tru-cap’s “assignor(s) and predecessors(s) *371 were in possession of the instrument and were entitled to enforce the note when the loss occurred.” Because Trucap cannot comply with the more stringent verification requirement, it asserts that it is unable to proceed with the foreclosure action.
To obtain certiorari relief on an interlocutory order, the petitioner must demonstrate “ ‘(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal.’ ” Reeves v. Fleetwood Homes of Fla., Inc., 889 So.2d 812, 822 (Fla.2004) (quoting Bd. of Regents v. Snyder, 826 So.2d 382, 387 (Fla. 2d DCA 2002)); see also Fassy v. Crowley, 884 So.2d 359, 363 (Fla. 2d DCA 2004). The appellate court must initially consider the final two elements because they are jurisdictional. See Fassy, 884 So.2d at 363.
Ordinarily, an injury resulting from an order denying a motion to amend a complaint would be treated as one that could be remedied by an appeal from the final judgment and not subject to certiorari review. See, e.g., Skyrme v. R.J. Reynolds Tobacco Co., 75 So.3d 769, 771 (Fla. 2d DCA 2011); Harry Pepper & Assocs., Inc. v. City of Cape Coral, 369 So.2d 969, 970 (Fla. 2d DCA 1979); Majestic Sun Owners’ Ass’n, Inc. v. Fla. Condos I Ltd. P’ship, 895 So.2d 534, 534 (Fla. 1st DCA 2005). But see Surette v. Galiardo, 309 So.2d 253, 253 (Fla. 4th DCA 1975) (determining that, due to the “special circumstances” of the case and the inadequacy of the remedy by appeal, certiorari relief was warranted concerning an order denying a motion to amend a complaint to add defendants).
Although the trial court denied Trucap’s motion to amend its complaint without prejudice to refile within forty-five days, Trucap argues that the court’s order effectively left Trucap without the ability to amend because Trucap could not in good faith meet the more stringent verification requirement. Thus, while the erroneous denial of a motion to amend normally could be remedied on appeal from the final judgment, in this unusual circumstance Trucap cannot in good faith proceed with its foreclosure action and cannot obtain a final judgment. It appears that, at most, Tru-cap could seek a voluntary dismissal of its foreclosure action, which would not be ap-pealable. Therefore, because Trucap cannot proceed to obtain an appealable final judgment, it will suffer material injury that cannot be corrected on postjudgment appeal. Accordingly, we conclude that Trucap has met the jurisdictional hurdle to obtain certiorari review.
Trucap must next demonstrate a departure from the essential requirements of the law. A departure from the essential requirements of the law is more than simple legal error; rather, it is “a violation of a clearly established principle of law resulting in a miscarriage of justice.” Fassy, 884 So.2d at 364. In addition to case law, clearly established law can originate from statutes and procedural rules; thus* “ ‘an interpretation or application of a statute, a procedural rule, or a constitutional provision may be the basis for granting certiorari review.’ ” Id. (quoting Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 890 (Fla.2003)).
The Florida Supreme Court amended rule 1.110(b), effective February 11, 2010, to add a verification requirement for residential mortgage foreclosure complaints. See In re Amendments to the Fla. Rules of Civil Procedure, 44 So.3d 555, 556, 559 (Fla.2010). The supreme court indicated that
[t]he primary purposes of this amendment are (1) to provide incentive for the plaintiff to appropriately investigate and *372 verify its ownership of the note or right to enforce the note and ensure that the allegations in the complaint are accurate; (2) to conserve judicial resources that are currently being wasted on inappropriately pleaded “lost note” counts and inconsistent allegations; (3) to prevent the wasting of judicial resources and harm to defendants resulting from suits brought by plaintiffs not entitled to enforce the note; and (4) to give trial courts greater authority to sanction plaintiffs who make false allegations.
Id. at 556.
The rule now provides in pertinent part as follows:
When filing an action for foreclosure of a mortgage on residential real property the complaint shall be verified. When verification of a document is required, the document filed shall include an oath, affirmation, or the following statement: “Under penalty of perjury, I declare that I have read the foregoing, and the facts alleged therein are true and correct to the best of my knowledge and belief.”
Fla. R. Civ. P. 1.110(b). The plain language of rule 1.110(b) clearly requires residential mortgage foreclosure complaints to include verification language and allows the verification language set forth in that rule.
Section 92.525, upon which the trial court relied, provides that when a document must be verified, the verification may be accomplished by the following written, signed declaration: “Under penalties of perjury, I declare that I have read the foregoing [document] and that the facts stated in it are true[.]” § 92.525(1), (2). Section 92.525(2) provides an exception “when a verification on information or belief is permitted by law, in which case the words ‘to the best of my knowledge and belief may be added.” Section 92.525(4)(b) defines “document” to include any “pleading[ ] or paper.” See also Muss v. Lennar Fla. Partners I, L.P., 673 So.2d 84, 85 (Fla. 4th DCA 1996) (“The term document includes pleadings.”). A complaint is a pleading, see Garcia v. Stewart, 906 So.2d 1117, 1123 (Fla. 4th DCA 2005), as well as a document.
Thus, because rule 1.110(b) specifically provides for a verification based on knowledge and belief, the generally applicable declaration in section 92.525(2) that the facts “are true,” without limitation, does not control. However, the trial court found that the second new sentence of rule 1.110(b), regarding knowledge and belief, does not apply to a complaint because it refers to verification of a “document.” The trial court found “that a foreclosure complaint is a pleading and is not a document as appears to be contemplated by the second new sentence in the rule.” But, as discussed above, a complaint is a pleading, and a pleading is a document. Instead of applying the second new sentence of the rule, the trial court relied upon Muss to determine that the declaration provided for in section 92.525(2) that the facts “are true,” without qualification, controlled.
Muss was decided before the amendment to rule 1.110(b). Further, Muss involved an expedited foreclosure proceeding under section 702.10, Florida Statutes (1993). 673 So.2d at 85. Section 702.10(1), Florida Statutes (2010), requires, among other things, that the complaint be verified to allow the expedited procedure. Section 702.10 does not specify the language required for verification. But even if verification under that statute cannot be based on knowledge and belief, Trucap has not sought foreclosure under that statute. Thus, the trial court relied upon inapplicable case law in ordering Trucap to meet a more stringent verification standard.
*373 Instead, rule 1.110(b) applies, and Tru-cap properly used the verification language contained in the rule. The trial court departed from the essential requirements of law in relying upon inapplicable case law and imposing a more stringent standard than the rule requires. Therefore, we grant the petition for writ of certiorari and quash the trial court’s order that denies Trucap’s motion to amend its complaint.
Petition granted.
CASANUEVA and DAVIS, JJ., Concur.