KELLY, Judge.
In this mortgage foreclosure action, One West Bank seeks certiorari review of the order entered in favor of homeowners Christine and Thomas Bauer.[1] Because we conclude the trial court departed from the essential requirements of law in finding that One West Bank failed to establish its standing to foreclose, we grant its petition for writ of certiorari.
In August 2009, One West Bank brought suit to foreclose a mortgage on real estate owned by the Bauers. The complaint alleged that Christine Bauer executed the promissory note, which was payable to In-dyMac Bank, F.S.B. (“IndyMac”), and that *844 she and her husband, Thomas Bauer, executed a mortgage securing the promissory note. The complaint further alleged that One West Bank was the owner and holder of the promissory note and mortgage by assignment.
In response to the complaint, the Bauers filed a motion to dismiss for lack of standing and a nine-count counterclaim. The trial court bifurcated One West Bank’s foreclosure complaint and the Bauers’ counterclaim. At the nonjury trial held on the complaint, One West Bank introduced several items into evidence including the original note and mortgage; the pooling and servicing agreement designating Indy-Mac as servicer for the loan, and Deutsche Bank National Trust Company as trustee for the trust that owned the loan; a limited power of attorney for IndyMac to act on behalf of Deutsche Bank; a limited power of attorney executed by Deutsche Bank appointing One West Bank as successor to IndyMac; and an assignment of mortgage from IndyMac to One West Bank. One West Bank also presented the testimony of its representative, Marcos Flores, who testified that the loan was owned by Deutsche Bank as trustee, that One West Bank was the servicer of the loan, and that One West Bank had custody and control over the note at the time it filed the foreclosure action.
At the close of testimony, the trial court determined that One West Bank lacked standing to foreclose because the evidence presented at the hearing conflicted with the allegations in One West Bank’s complaint — that it was the owner and holder of the note and mortgage. The court stated:
I think this trial represents the whole problem with the complaints initially.... [T]he testimony that we have is conflicting as far as who owns ... I think you have to put on evidence in some type of a standard to show who actually owns. And in this particular case I think we have conflicting testimony as to who owns.
One West Bank argues that the trial court’s finding it lacked standing to foreclose because it' failed to establish ownership of the loan documents is contrary to controlling case law. We agree.
To obtain certiorari relief, One West Bank must demonstrate that the trial court’s order departs from the essential requirements of law, causing harm that cannot be corrected on appeal. See Trucap Grantor Trust 2010-1 v. Pelt, 84 So.3d 369, 371 (Fla. 2d DCA 2012). “A departure from the essential requirements of the law is more than simple legal error; rather, it is a ‘violation of a clearly established principle of law resulting in a miscarriage of justice.’ ” Id. (quoting Fassy v. Crowley, 884 So.2d 359, 364 (Fla. 2d DCA 2004)).
Case law is clear that the proper party with standing to foreclose a note and/or mortgage is the holder of the note and mortgage or the holder’s representative. See Stone v. BankUnited, 115 So.3d 411, 413 (Fla. 2d DCA 2013) (“ ‘Because a promissory note is a negotiable instrument and because a mortgage provides the security for the repayment of the note, the person having standing to foreclose a note secured by a mortgage may be either the holder of the note or a nonholder in possession of the note who has the rights of a holder.’ ” (quoting Mazine v. M & I Bank, 67 So.3d 1129, 1131 (Fla. 1st DCA 2011))); Mortg. Elec. Registration Sys., Inc. v. Azize, 965 So.2d 151, 153 (Fla. 2d DCA 2007); Troupe v. Redner, 652 So.2d 394, 395-96 (Fla. 2d DCA 1995). Because One West Bank possessed the original note, endorsed in blank, it was the lawful holder of the note entitled to enforce its terms. See Taylor v. Bayview Loan Servicing, LLC, *845 74 So.3d 1115, 1117 (Fla. 2d DCA 2011); BAC Funding Consortium, Inc. ISAOA/ATIMA v. Jean-Jacques, 28 So.3d 936, 938 (Fla. 2d DCA 2010); Azize, 965 So.2d at 153.
Although One West Bank incorrectly pleaded that it held and owned the Bauers’ note and mortgage, there is no dispute that One West Bank was in possession of the note at the time the foreclosure complaint was filed. In requiring One West Bank to prove ownership of the loan documents to establish its standing to foreclose, we conclude the trial court departed from the essential requirements of law by imposing a condition that is not required resulting in irreparable harm. See Deutsche Bank Nat’l Trust Co. v. Prevratil, 120 So.3d 573, 575-76 (Fla. 2d DCA 2013) (granting petition for writ of certio-rari from a trial court’s order imposing a verification requirement for foreclosure complaint that was not required by law).
Accordingly, we grant the petition for writ of certiorari and order that the foreclosure action be reinstated.
DAVIS, C.J., and BLACK, J., Concur.

. One West Bank initially filed a notice of appeal from the Final Judgment on Counts I and II of Plaintiff's Complaint to Foreclose Mortgage. This court converted the appeal to a certiorari proceeding as the Bauers’ multi-count counterclaim contains claims related and unrelated to the foreclosure.