Michael G. Williamson, Chief United States Bankruptcy Judge
THIS CASE came on for consideration without a hearing on the Debtors' motion to reopen this chapter 7 case.[1] In their motion, the Debtors, who apparently haven't made a mortgage payment on their home (at least not regular ones) in more than a decade, ask the Court to vacate a foreclosure judgment entered against them on June 20, 2018.
The basis for that request is somewhat confusing. The bulk of the Debtors' motion is devoted to tracing the assignment of the Debtors' mortgage from United Capital Mortgage Corporation, who appears to have been the original mortgage lender, to Countrywide Home Loans to Bank of America to Nationstar, who currently holds the mortgage and foreclosed on the Debtors' home. Along the way, the Debtors find fault with each of the assignments.
Take the assignment from United Capital Mortgage to Countrywide, for example. The Debtors say that assignment, executed by M. Kelly Michie, was signed by a "robo signer."[2] As proof, they attach an affidavit of John O'Brien, Register of the Southern Essex District Registry of Deeds in Salem, Massachusetts, who apparently compared Michie's signature to a list of *189 presumably known robo and surrogate signers and, based on that, feels competent to testify that he is aware Michie is "an alleged robo or surrogate signer."[3]
There are allegedly other issues, as well. For instance, the Debtors complaint that Barbara J. Gibbs notarized one assignment (the one to Bank of America) by simply signing "her initials" even though she was required by law to sign her name exactly as it appeared on her notary commission. Plus, the Debtors point out, there was only one witness per authorized signature, which the Debtors say renders the assignment invalid. The Debtors also allege that Countrywide had ceased to exist at the time it executed its assignment. And the Debtors say there was no witnesses for the signature of David De Waard, who signed the assignment from Bank of America to Nationstar.
Given these perceived irregularities, the Debtors ask the Court to reopen this case and look behind-or reconsider-the final foreclosure judgment entered by the state court. For three reasons, the Court declines to do so.
First, the Rooker - Feldman doctrine precludes this Court from reviewing the state court foreclosure judgment.[4] The Rooker - Feldman doctrine, which stems from the U.S. Supreme Court's decisions in Rooker v. Fidelity Trust[5] and District of Columbia Court of Appeals v. Feldman ,[6] is a jurisdictional doctrine. Because 28 U.S.C. § 1257 grants the U.S. Supreme Court exclusive federal jurisdiction to review state court judgments and 28 U.S.C. § 1331 limits the jurisdiction of district courts to original-not appellate-jurisdiction, the Rooker - Feldman doctrine generally recognizes that federal district courts, such as this one, lack jurisdiction to review state court judgments. In short, this Court does not have jurisdiction to review the foreclosure judgment.
Second, even if this Court had jurisdiction, it would nonetheless be bound by the final judgment. In effect, the Debtors are challenging Nationstar's standing to foreclose the Debtors' mortgage. But that issue was specifically litigated before the state court,[7] and the state court found that Nationstar held a mortgage lien on the Debtors' home.[8] Under the doctrine of collateral estoppel, parties are precluded from relitigating issues that were actually litigated and decided in an earlier suit.[9]
Third, even if the Court was not bound by the foreclosure judgment, the Court is not convinced it would come to a different result. Distilled to its essence, the Debtors' argument is that the alleged defects with the various assignments of the Debtors' mortgage from United Capital Mortgage ultimately to Nationstar precluded Nationstar from taking ownership of the Debtors' note and mortgage. And without ownership of the note and mortgage, the Debtors' argument goes, Nationstar was not entitled to foreclose on their home.
*190 But there is one problem with that argument: Nationstar was not required to prove it "owned" the mortgage to foreclose it.[10] All that was required was for Nationstar to show that it was the "holder" of the note.[11] For purposes of standing, Nationstar could show it was the holder of the note if it attached a copy of the blank-indorsed note to the complaint.[12] Based on the exhibits attached to the Debtors' motion, it appears Nationstar met that burden. Certainly there is no reason in the record to dispute that Nationstar was the "holder" of the note and mortgage.
Accordingly, it is
ORDERED that the Debtors' motion to reopen is DENIED.

Doc. No. 30.

Id. at ¶ 10.

Id. at Ex. 6.

In re Namal Enters., LLC , 574 B.R. 300 (Bankr. M.D. Fla. 2017).

263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

Doc. No. 30, Ex. 12, pp. 1 - 6.

Id. at Ex. 13, ¶ 5.

In re Anson , 457 B.R. 130, 136 (Bankr. M.D. Fla. 2011) (citing I.A. Durbin, Inc. v. Jefferson Nat'l Bank , 793 F.2d 1541, 1549 (11th Cir. 1986) ).

One West Bank, F.S.B. v. Bauer , 159 So. 3d 843, 844 (Fla. 2d DCA 2014).

Id.

Eagles Master Ass'n v. Bank of Am., N.A. , 198 So. 3d 12, 14 (Fla. 2d DCA 2016).