862 So.2d 31 (2003)
Lena M. NIEMI, individually, and Lena M. Niemi And Michele D. Mata, as Co-Personal Representatives of the Estate of Peter V. Niemi, Appellants,
v.
BROWN & WILLIAMSON TOBACCO CORPORATION, as successor by merger to The American Tobacco Company, a foreign corporation; and R.J. Reynolds Tobacco Corporation, a foreign corporation, Appellees.
No. 2D03-2600.
District Court of Appeal of Florida, Second District.
September 24, 2003.
*32 Howard M. Acosta of the Law Offices of Howard M. Acosta, St. Petersburg; Bruce H. Denson and Kent G. Whittemore of Whittemore, Denson, P.A., St. Petersburg; and Charles P. Schropp of Schropp, Buell & Elligett, P.A., Tampa, for Appellants.
Benjamin H. Hill, III; Troy A. Fuhrman; Marie A. Borland of Hill, Ward & Henderson, P.A., Tampa; and Stephanie E. Parker and John F. Yarber of Jones Day, Atlanta, GA, for Appellee R.J. Reynolds Tobacco Company.
William A. Gillen, Jr., of Gray, Harris, Tampa, for Appellee Brown & Williamson Tobacco Corporation.
ALTENBERND, Chief Judge.
This appellate proceeding involves a very unusual procedural problem. Although it is arguable that the order on appeal is a final order, we conclude that certiorari review provides the simplest solution.
Peter V. Niemi and his wife, Lena M. Niemi, filed a lawsuit against Brown and Williamson Tobacco Corporation and R.J. Reynolds Tobacco Company alleging that Mr. Niemi had sustained bodily injuries as a result of smoking cigarettes manufactured and distributed by the defendants. Mrs. Niemi sought consortium damages. On October 27, 2002, while the case was pending prior to trial, Mr. Niemi died. The cause of his death is not established in the record.
*33 In January 2003, Lena M. Niemi and Michele D. Mata filed a motion in the circuit court alleging that they had been appointed co-personal representatives of Mr. Niemi's estate and asking the court to substitute them as plaintiffs in the action in place of Mr. Niemi. The trial court denied this motion, apparently concluding that the action had automatically abated at the time of Mr. Niemi's death. The trial court did not dismiss the action, which may still be pending on Mrs. Niemi's consortium claim. Compare Taylor v. Orlando Clinic, 555 So.2d 876 (Fla. 5th DCA 1989) (holding consortium claim survives husband's death), with ACandS, Inc. v. Redd, 703 So.2d 492 (Fla. 3d DCA 1997) (holding consortium claim is derivative and, like spouse's claim, abates with spouse's death).
Lena M. Niemi and "Peter V. Niemi" filed a timely notice of appeal from this ruling. The defendants moved to dismiss the appeal, arguing that no final order had yet been entered dismissing Mr. Niemi's action or the consortium claim and that Mr. Niemi was dead and thus not able to appeal the order denying the motion to substitute parties. This court asked the parties to address whether mandamus might be an appropriate method to review the trial court's order.
As a threshold matter, Peter V. Niemi cannot be a party to this appellate proceeding because he is dead. Florida Rule of Appellate Procedure 9.360(c) permits this court to substitute parties when necessary. Accordingly, we have substituted Lena M. Niemi and Michele D. Mata, as co-personal representatives of the estate of Peter V. Niemi, as the proper parties to this appeal.
Next, we conclude that the transition from life to death for a personal injury action is not as simple as the defendants wish it to be. It is true that under the common law, actions for personal wrongs and personal injuries die with the person. See Taylor, 555 So.2d at 878. However, section 46.021, Florida Statutes (2002), has long overridden the common law. Section 46.021 states: "No cause of action dies with the person. All causes of action survive and may be commenced, prosecuted, and defended in the name of the person prescribed by law."
Death creates a complexity for pending personal injury actions because section 768.20, Florida Statutes (2002), provides that "[w]hen a personal injury to the decedent results in death, no action for the personal injury shall survive, and any such action pending at the time of death shall abate." Thus, when death is the result of a personal injury, the law of Florida essentially substitutes a statutory wrongful death action for the personal injury action that would otherwise survive under section 46.021.
"Abatement" is a common-law term with various definitions. It is often used to signify that an action has been extinguished or ended. See generally 1 Am. Jur.2d Abatement, Survival and Revival § 1 (1994). We will not attempt a precise definition of "abate" for purposes of section 768.20. As a matter of legal theory, "abatement" may bring a pending action to an end or extinguish it, but this theoretical event does not automatically terminate a lawsuit, which is represented by a physical file in the courthouse. A pending lawsuit does not simply self-destruct like the secret message on a rerun of "Mission Impossible." In some fashion, it must be dismissed by court order. Moreover, pursuant to section 768.20, a personal injury action only "abates" if it is first determined that the personal injury resulted in the plaintiff's death. Such a determination may be established by the pleadings or by the finder of fact. No such determination has been made by the circuit court in this case.
*34 It is not uncommon for a plaintiff in a lawsuit to be uncertain whether the alleged personal injury resulted in death. For example, an older person who suffers an injury in a nursing home may die several years later under circumstances that do not clearly establish whether the initial injury resulted in the death. When this issue is unresolved, the law permits a plaintiff to allege alternative theories. See Smith v. Lusk, 356 So.2d 1309 (Fla. 2d DCA 1978); Poole v. Tallahassee Mem'l Hosp., Med. Ctr., Inc., 520 So.2d 627 (Fla. 1st DCA 1988).
In this case, Mr. Niemi died during the pendency of his lawsuit. As a result, the pleadings do not currently claim that his death was either the result of his personal injury or the result of some independent cause. Thus, the pleadings do not permit the personal injury action to be abated under section 768.20, and the action cannot be dismissed in light of section 46.021. This is not a case in which the plaintiffs ignored a suggestion of death and failed to timely move for substitution of parties, thus requiring the dismissal of the personal injury action. See Taylor, 555 So.2d at 879. The only way to resolve whether this action should be abated is to permit Mr. Niemi's co-personal representatives to appear in the action and to permit them to amend the pleadings. Unless the parties agree upon a cause of death, it is possible that the co-personal representatives will be required to plead both a personal injury action and an alternative wrongful death action.
Although we are confident that we have jurisdiction in this matter, the precise jurisdictional vehicle for use in this case is subject to some debate. It could be argued that the order denying the motion to substitute parties was a final order as to the co-personal representatives, although the notice of appeal was not filed by them. Moreover, the defendants take the position that the trial court has not entered a final order but that Mr. Niemi is dead and can take no action within the lawsuit.
We were at first inclined to believe that this appeal should be treated as a petition for writ of mandamus. Because Florida Rule of Civil Procedure 1.260(a) states that a court "may" order a substitution of parties when a party dies, we hesitate to transform this "may" into a ministerial act for purposes of mandamus.
We conclude that certiorari review provides the simplest remedy in this proceeding. See generally Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1099 (Fla. 1987) (stating nonfinal order is reviewable by petition for writ of certiorari when it departs from essential requirements of law and causes material injury throughout remainder of proceedings, effectively leaving no adequate remedy on appeal). The trial court departed from the essential requirements of the law when it denied this motion. As things stand, the ruling may never be reviewable on direct appeal because the co-personal representatives were not permitted to become parties and would not have the power to file an appeal at a later time. Without the substitution of parties, the trial court would never be able to resolve this action by correctly applying sections 768.20 and 46.021 because there would never be a party who could proceed or against whom a dismissal could be entered. Accordingly, we treat this proceeding as a petition for writ of certiorari, grant the petition, and instruct the trial court to grant the motion to substitute parties.
Petition for writ of certiorari granted.
CASANUEVA and KELLY, JJ., Concur.