SUAREZ, J.
Karen Capone appeals from an order denying her motion for relief from judgment, motion to correct a scrivener’s error, and verified motion to vacate and/or reconsider. We affirm, as Karen Capone is precluded from filing a wrongful death action because the appropriate statute of limitations has run.
In 2005, Karen Capone and her husband Frank filed a complaint against Philip Morris and other cigarette manufacturers, alleging that Frank had sustained certain personal injuries as a result of smoking the Defendants’ cigarettes. Specifically, the complaint contained counts for negligence, strict liability, conspiracy to commit fraudulent misrepresentation and conspiracy to commit fraudulent concealment. Frank died in July 2006.[1] On January 14, 2008, Karen Capone moved to amend the complaint to assert what she claimed was a new cause of action for injured smokers created by the Florida Supreme Court in Engle v. Liggett Group, Inc., 945 So.2d 1246 (Fla.2006), and moved to substitute herself as the estate’s personal representative. On February 19, 2008, Philip Morris Co. filed a motion to dismiss claiming that the personal injury action was abated when Mr. Capone died and that any action for wrongful death had to be filed as a new lawsuit pursuant to Section 768.20, Florida Statutes (2008). On June 10, 2008, Capone noticed her motions for a September 2, 2008 hearing. On September 2, 2008, nine months after Capone had filed her Motion to Amend and eight months after Philip Morris filed its Motion to Dismiss and two months after the two-year anniversary of Mr. Capone’s death, Plaintiffs motions were brought for hearing. On September 16, 2008, the trial court denied the Motion to Amend and Motion to Substitute and dismissed the case as “barred by the Wrongful Death Act.” Capone then filed her Motion for Reconsideration of Final Dismissal Order.
The problem that now arose was that the motion’s certificate of service to opposing counsel was not dated or signed but was, in fact, in blank. Additionally, Capone could not point to anything to show that the motion was served within the ten-day time period specified by Florida Rule of Civil Procedure 1.530(b). At the hearing, this problem was raised and discussed but the trial court did not rule on it. The trial court subsequently vacated the dismissal and allowed the amended complaint to proceed, and Philip Morris timely filed its Motion to Vacate. A successor judge heard the motion and correctly determined that, in fact, the record did not show that Capone’s Motion to Reconsider was timely filed. The trial court vacated the prior order and dismissed the complaint.
The statute of limitations for a wrongful death action is two years from the date of death. § 95.11(4)(d), Fla. Stat. (2008). Frank Capone died on July 19, 2006. On January 9, 2008, within two years of Mr. Capone’s death, Karen Capone filed a motion to amend the personal injury complaint to include a new cause of action for wrongful death rather than filing a separate suit as required under the Wrongful Death Act, section 768.19, Florida Statutes (2008). By the time the September 2008 hearing on Capone’s Motion to Amend *36 took place, however, the statute of limitations for filing a separate statutory wrongful death action had run.
The original complaint for personal injury could not be amended, on Frank’s death, to include a new wrongful death claim because Florida law establishes that a personal injury claim is extinguished upon the death of the plaintiff, and any surviving claim must be brought as a new and separate wrongful death action— it cannot be brought as an amendment to a personal injury action.[2] See § 768.20 (“[W]hen a personal injury to the decedent results in death, no action for the personal injury shall survive, and any such action pending at the time of death shall abate”); Martin v. United Security Servs., Inc. 314 So.2d 765, 770 (Fla.1975) (upholding section 768.20, and explaining that, “a separate lawsuit for death-resulting personal injuries cannot be brought as a survival action”); ACandS, Inc. v. Redd, 703 So.2d 492, 494 (Fla. 3d DCA 1997) (plaintiffs personal injury action is extinguished and abated even when the plaintiffs death occurs during the trial of his/her case); Niemi, 862 So.2d at 31 (holding that, when death is the result of a personal injury, the law of Florida essentially substitutes a statutory wrongful death action for the personal injury action that would otherwise survive under section 46.021).
Karen Capone argues that her wrongful death claim was not barred by the wrongful death statute of limitations in section 95.11(4)(d), as the Engle opinion allowed her a year from the date of the mandate in that case to bring her suit.[3] This argument does not need to be addressed because Capone’s amended complaint was filed on January 14, 2008, more than one year from the January 11, 2007, Engle mandate. The August 28, 2009 order was correct as the trial court could do nothing else but vacate the prior court’s order allowing the amended complaint.
The trial court correctly dismissed the amended complaint because Frank Capone’s personal injury claim had abated upon his death and Karen Capone was required to file a separate Wrongful Death claim, which she did not do prior to the expiration of the two-year statute of limitation for that cause of action. The trial court also correctly vacated the prior order as Capone’s Motion for Reconsideration *37 was not timely filed.[4]
Affirmed.

. From this point on the litigation becomes a needless procedural labyrinth when, in fact, all that was needed was for the plaintiff to timely file a wrongful death action.

. Ordinarily, common law claims for personal injury 'abate' or expire when the person bringing the claim dies. That is, if there is a claim for personal injuries that caused the decedent’s death, there is no survival of the decedent’s personal injury claim. His or her survivor or personal representative must assert a separate, statutory cause of action under section 768.19, the Wrongful Death Act. That statute allows the survivors to bring a claim for their own pain and suffering resulting from the wrongful death of the decedent. See Niemi v. Brown & Williamson, 862 So.2d 31, 33 (Fla. 2d DCA 2003) ("When death is the result of a personal injuiy, the law of Florida essentially substitutes a statutoiy wrongful death action for the personal injuiy action that would otherwise survive under § 46.021” and "a personal injury action only 'abates' [under the Wrongful Death Act] if it is first determined that the personal injury resulted in the plaintiff’s death.”).

. The order on appeal effectively reinstates the September 16, 2008 Order dismissing the Plaintiffs complaint.

. The Engle class is described as those “who have suffered, presently suffer, or have died from diseases and medical conditions ... The class consists of all Florida residents fitting the class description as of the trial court's order dated November 21, 1996.... Individual plaintiffs within the class will be permitted to proceed individually with the findings set forth above [insert long list of medical problems and diseases related to smoking] given res judicata effect in any subsequent trial between individual class members and the defendant, provided such action is filed within one year of the mandate in this case.” Engle, 945 So.2d at 1276-77.