WELLS, Judge.
Affirmed. See § 768.20, Fla. Stat. (2010) (providing that “[w]hen a personal injury to the decedent results in death, no action for the personal injury shall survive, and any such action pending at the time of death shall abate”); Fla. R. Civ. P. 1.260(a)(1) (stating that the court may order substitution of the proper parties “[i]f a party dies and the claim is not thereby extinguished”); Capone v. Philip Morris U.S.A. Inc., 56 So.3d 34 (Fla. 3d DCA 2010) (“The original complaint for personal injury could not be amended, on [the plaintiff’s] death, to include a new wrongful death claim because Florida law establishes that a personal injury claim is extin *138 guished upon the death of the plaintiff, and any surviving claim must be brought as a new and separate wrongful death action-it cannot be brought as an amendment to a personal injury action.” See Martin v. United Security Servs., Inc. 314 So.2d 765, 770 (Fla.1975) (upholding section 768.20, and explaining that, “a separate lawsuit for death-resulting personal injuries cannot be brought as a survival action”); ACandS, Inc. v. Redd, 703 So.2d 492, 494 (Fla. 3d DCA 1997) (plaintiffs personal injury action is extinguished and abated even when the plaintiffs death occurs during the trial of his/her case); Niemi [v. Brown & Williamson Tobacco Corp., 862 So.2d 31 (Fla. 2d DCA 2003)], (“holding that, when death is the result of a personal injury, the law of Florida essentially substitutes a statutory wrongful death action for the personal injury action that would otherwise survive under section 46.021).”) (citation omitted) (footnote omitted).