MORRIS, Judge.
 

 Charleen Skyrme seeks certiorari review of an order denying her motion to amend her and her deceased husband’s personal injury complaint to state an action for wrongful death and her motion to substitute herself, as personal representative of her husband’s estate, as the plaintiff. We dismiss the petition for lack of jurisdiction.
 

 In December 2007, Bobby Skyrme and Charleen Skyrme filed a personal injury action against the tobacco defendants. This was timely filed under
 
 Engle v. Liggett Group, Inc.,
 
 945 So.2d 1246, 1254 (Fla.2006), which allowed “class members [to file] individual claims within one year of the issuance of [the] mandate in this case with res judicata effect given to certain Phase I findings” regarding common liability of the tobacco defendants. In September 2008, the Skyrmes amended their initial complaint.
 

 Bobby Skyrme died in March 2009, and Charleen Skyrme filed a motion to substitute herself, as the personal representative of Bobby Skyrme’s estate, as the plaintiff and to amend the complaint to assert that the tobacco defendants’ actions wrongfully caused Bobby Skyrme’s death. The tobacco defendants objected to the motion to substitute and to amend on the basis that because the personal injury action was extinguished upon Bobby Skyrme’s death, the personal injury lawsuit must be dismissed and a new lawsuit filed asserting the claim for wrongful death, citing
 
 Capone v. Philip Morris U.S.A., Inc.,
 
 56
 
 *771
 
 So.3d 34 (Fla. 3d DCA 2010). After a hearing, the circuit court denied the motion to substitute and to amend. The circuit court subsequently denied Mrs. Skyrme’s motion for reconsideration.
 

 In order for this court to have cer-tiorari jurisdiction over the order on review, Mrs. Skyrme must show that the order creates material harm that is irreparable on appeal.
 
 See Parkway Bank v. Fort Myers Armature Works, Inc.,
 
 658 So.2d 646, 649 (Fla. 2d DCA 1995) (“[Petitioner must establish that an interlocutory order creates material harm irreparable by postjudgment appeal before this court has power to determine whether the order departs from the essential requirements of the law.”). The law generally holds that the denial of a motion to amend is not reviewable by certiorari because the error is later reviewable on plenary appeal.
 
 See, e.g., Harry Pepper & Assocs. v. City of Cape Coral,
 
 369 So.2d 969, 970 (Fla. 2d DCA 1979);
 
 Hawaiian Inn of Daytona Beach, Inc. v. Snead Constr. Corp.,
 
 393 So.2d 1201, 1202 (Fla. 5th DCA 1981).
 

 There is essentially no longer a substantive claim in the circuit court because the personal injury claim cannot survive on its own since it has now become a wrongful death claim,
 
 see
 
 § 768.20, Fla. Stat. (2008), and because the circuit court denied Mrs. Skyrme’s motion to amend to assert the wrongful death claim. Accordingly, a final order of dismissal should be entered, after which Mrs. Skyrme may appeal the order of dismissal, seeking review of the order denying her motion to substitute and to amend. Because the harm can be corrected on postjudgment appeal, we do not have jurisdiction over the order on review at this time.
 

 Mrs. Skyrme contends that the order is reviewable by certiorari, citing this court’s opinion in
 
 Niemi v. Brown & Williamson Tobacco Corp.,
 
 862 So.2d 31 (Fla. 2d DCA 2003). But the facts of
 
 Niemi
 
 are distinguishable from the facts in this case. In
 
 Niemi,
 
 the husband and wife plaintiffs asserted a personal injury action against the tobacco defendants.
 
 Id.
 
 at 32. The husband later died, and the wife and a third person filed “a motion in the circuit court alleging that they had been appointed co-personal representatives of [the husband’s] estate and asking the court to substitute them as plaintiffs in the action in place of [the husband].”
 
 Id.
 
 at 33. The circuit court denied the motion, “concluding that the action had automatically abated at the time of [the husband’s] death. The trial court did not dismiss the action,” which this court noted may have still been pending on the wife’s consortium claim.
 
 Id.
 
 The pleading in the circuit court did not “claim that [the husband’s] death was either the result of his personal injury or the result of some independent cause.”
 
 Id.
 
 at 34. “Thus, the pleadings d[id] not permit the personal injury action to be abated under section 768.20, and the action [could not] be dismissed in light of section 46.021.”
 
 [1]
 

 Id.
 

 Addressing the jurisdictional prongs required for certiorari review, this court stated that
 

 the ruling may never be reviewable on direct appeal because the co-personal representatives were not permitted to become parties and would not have the power to file an appeal at a later time. Without the substitution of parties, the trial court would never be able to re
 
 *772
 
 solve this action by correctly applying sections 768.20 and 46.021 because there would never be a party who could proceed or against whom a dismissal could be entered.
 

 Id.
 
 Accordingly, this court treated the proceeding as a petition for writ of certio-rari, granted the petition, and instructed the circuit court to grant the motion to substitute parties.
 
 Id.
 

 This case is distinguishable from
 
 Niemi
 
 because the wife in
 
 Niemi,
 
 who was a plaintiff in the original action, had not sought to amend the complaint to assert a wrongful death claim. In fact, this court noted that the action “may still [have been] pending on [the wife’s] consortium claim.”
 
 Id.
 
 at 33. More important, the court in
 
 Niemi
 
 noted that the record was not clear on the husband’s cause of death and that the complaint did not “currently claim that his death was either the result of his personal injury or the result of some independent cause.”
 
 Id.
 
 at 34. Therefore, the co-personal representatives should have been substituted as parties in order to resolve the factual issue of whether the personal injury claim was abated by the husband’s death so as to become a claim for wrongful death.
 

 In this case, it is clear that the same actions alleged to have caused personal injury to Bobby Skyrme are the same actions alleged to have caused his wrongful death. Thus, there is no possibility of a surviving personal injury claim that would need to be prosecuted by Bobby Skyrme’s estate, making the facts of this case different from those in
 
 Niemi.
 
 And while the wife’s original claims for consortium may have remained pending in
 
 Niemi,
 
 it appears that in this case the wife’s original claims for consortium damages have been absorbed into the damages claimed for wrongful death.
 
 See Martin v. United Sec. Servs., Inc.,
 
 314 So.2d 765, 770 (Fla.1975) (holding that a wrongful death action “substitute^] a survivor’s pain and suffering for a decedent’s pain and suffering as an element of damages”). In addition, one of the co-personal representatives seeking to be substituted as a plaintiff in
 
 Niemi
 
 was not an original party to the case whereas in this case, Mrs. Skyrme was one of the original parties and is the only personal representative seeking to be substituted.
 

 In light of these distinctions, we see no apparent reason why an order of dismissal could not be entered in this case and why Mrs. Skyrme could not then seek plenary review of the denial of her motion to substitute herself as plaintiff as personal representative of the husband’s estate as well as the denial of her motion to amend her complaint to state a wrongful death claim.
 

 Although we do not have certiorari jurisdiction over the order sought to be reviewed, we take the opportunity to express our concern with the circuit court’s ruling. In
 
 Capone,
 
 56 So.3d at 36, which was relied upon by the circuit court, the Third District held that when a personal injury plaintiffs death is the result of the personal injuries, an amendment to the personal injury complaint should not be permitted and a new, separate lawsuit for wrongful death must be filed.
 

 We are concerned that requiring such wrongful death claims to be filed as new lawsuits would cause such new lawsuits to be barred as untimely under
 
 Engle
 
 when the original personal injury lawsuits were timely filed under
 
 Engle.
 
 There is no dispute that the Skyrmes timely filed their initial complaint in December 2007. However, because Mr. Skyrme died in 2009, a separate wrongful death lawsuit could not have been timely filed within the
 
 Engle
 
 window. In light of the
 
 Engle
 
 consideration in these tobacco cases, which often involve the death of the plaintiff who
 
 *773
 
 suffered the personal injuries on which the original personal injury claim was based, we do not see how the result in
 
 Capone
 
 is consistent with the law in Florida addressing the unique relationship between a personal injury claim and a •wrongful death claim
 
 [2]
 
 or how it is supported by the law in Florida regarding the liberal amendment of pleadings.
 
 [3]
 
 We believe that if a new, separate wrongful death lawsuit is required to be filed where a personal injury lawsuit had been timely filed under
 
 Engle,
 
 it would be inequitable to bar that new wrongful death lawsuit as being untimely under
 
 Engle.
 

 Petition dismissed.
 

 CASANUEVA and CRENSHAW, JJ„ Concur.
 

 [1]
 

 . Section 46.021, Florida Statutes (2002-2008), addresses, generally, the survival of claims outside of the unique personal injury/wrongful death context: “No cause of action dies with the person. All causes of action survive and may be commenced, prosecuted, and defended in the name of the person prescribed by law.”
 

 [2]
 

 .
 
 See Toombs v. Alamo Rent-A-Car, Inc.,
 
 833 So.2d 109, 118 (Fla.2002) ("[T]he language of the [Wrongful Death] Act makes clear a cause of action for wrongful death that is predicated on the decedent's entitlement to 'maintain an action and recover damages if death had not ensued.’” (quoting § 768.19, Fla. Stat. (1995));
 
 Celotex Corp. v. Meehan,
 
 523 So.2d 141, 147 (Fla.1988) (holding that a wrongful death action is predicated on "the injured person's right, while living, to recover for personal injury” and would not exist but for the alleged personal injuries to the deceased);
 
 Martin,
 
 314 So.2d at 770 ("The only logical construction of [section 768.20] is that it expresses the legislative intent that a separate lawsuit for death-resulting personal injuries cannot be brought as a survival action under [sjection 46.021. The action can be brought, in a consolidated form, under the new Wrongful Death Act. The purpose of [section 768.20] is to implement the consolidation.”);
 
 Niemi,
 
 862 So.2d at 33 ("[W]hen death is the result of a personal injury, the law of Florida essentially substitutes a statutory wrongful death action for the personal injury action. ...”);
 
 Laizure v. Avante at Leesburg, Inc.,
 
 44 So.3d 1254, 1258 (Fla. 5th DCA 2010) (holding that a wrongful death "action is predicated on the ‘wrongful act, negligence, default or breach of contract or warranty’ committed by the defendant which, as the result of the decedent’s death, transformed a personal injury claim into one for wrongful death” (quoting § 768.19, Fla. Stat. (2009)).
 

 [3]
 

 . " ‘Leave to amend should be freely given, the more so ... when the amendment is based on the same conduct, transaction[,] and occurrence upon which the original claim was brought.’ ”
 
 Dausman v. Hillsborough Area Reg'l Transit,
 
 898 So.2d 213, 215 (Fla. 2d DCA 2005) (omission in original) (quoting
 
 Spolski Gen. Contractor, Inc. v. Jett-Aire Corp. Aviation Mgmt. of Cent. Fla., Inc.,
 
 637 So.2d 968, 970 (Fla. 5th DCA 1994));
 
 see also
 
 Fla. R. Civ. P. 1.190(a) ("Leave of court shall be given freely when justice so requires.”).