NORTHCUTT, Judge.
Della Mae Butler was the plaintiff in a personal injury action against several tobacco companies and industry groups. Following her death, the personal representative of Butler’s estate filed a motion for substitution of parties and for amendment of the complaint to state a wrongful death claim. The circuit court denied the motion and dismissed the case. We reverse.
Butler was pursuing an individual “En-gle claim” for personal injury caused by smoking-related illness. In Engle v. Liggett Group, Inc., 945 So.2d 1246, 1256 (Fla. 2006), the Florida Supreme Court reviewed a class action lawsuit by cigarette smokers and their survivors against tobacco companies and industry groups. The suit had been prosecuted in phases. Id. Phase I consisted of a year-long trial on issues of liability and punitive damages, in which the jury considered common issues related to the defendants’ conduct and to the general health effects of smoking. Id. at 1256-57. The supreme court ruled that most of the findings from Phase I, which were in favor of the smokers and adverse to the tobacco companies, would be res judicata in future individual actions by members of the now decertified class. Id. at 1254-55, 1276-77. But the court also held that in order to obtain the benefit of the Phase I findings, former class members had to file their individual suits within one year of the mandate in Engle. Id. at 1254, 1277. According to the supreme court’s online docket, the mandate issued on January 1, 2007. http://www.florida *957 supremecourt.org (docket search for case no. SC03-1856).
Butler filed suit alleging that she was a Florida member of the Engle class entitled to pursue a personal injury action against the Engle defendants. Butler alleged that she smoked, and was addicted to, cigarettes by one or more of the defendants and that as a result she suffered smoking-related medical conditions including chronic obstructive pulmonary disease (COPD) and emphysema. In her five-count amended complaint, Butler alleged claims for strict liability, fraud by concealment, conspiracy to commit fraud by concealment, negligence, and punitive damages. Butler’s suit was filed on December 5, 2007, within one year of the supreme court’s mandate in Engle. According to a motion for substitution of party for leave to file an amended complaint, Butler died on April 29, 2009. The proposed amended complaint alleged that Butler died from COPD that was caused by smoking. The circuit court denied the motion for substitution and leave to amend and dismissed the action.
The issue on appeal in this case concerns the interplay of the Florida Wrongful Death Act and the Florida Rules of Civil Procedure, a question of law that we review de novo. See Baillargeon v. Sewell, 33 So.3d 130, 136 (Fla. 2d DCA 2010). Under the Wrongful Death Act, “[w]hen a personal injury to the decedent results in death, no action for the personal injury shall survive, and any such action pending at the time of death shall abate.” § 768.20, Fla. Stat. (2008). The relevant Florida Rule of Civil Procedure provides that “[i]f a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties.” Fla. R. Civ. P. 1.260(a)(1). Here, by denying the motion to substitute the personal representative for the deceased plaintiff, the circuit court essentially ruled that abate in the Wrongful Death Act equates with extinguish in the civil procedure rules. In reaching this conclusion, the court overlooked both the remedial nature of the Wrongful Death Act and the liberal spirit underlying the rules of civil procedure.
When enacting the Wrongful Death Act, the legislature expressly declared its intention that the Act was to be interpreted so as to accomplish its remedial purpose: “It is the public policy of the state to shift the losses resulting when wrongful death occurs from the survivors of the decedent to the wrongdoer. Sections 768.16-768.26 [the Florida Wrongful Death Act] are remedial and shall be liberally construed.” § 768.17. The supreme court has expressed a similar intention regarding the rules of civil procedure: “These rules shall be construed to secure the just, speedy, and inexpensive determination of every action.” Fla. R. Civ. P. 1.010.
Applying a liberal construction to the word abate in section 768.20, as we are directed to do by section 768.17, we conclude that stay is a more appropriate synonym than extinguish. A personal injury action will not survive if the injury resulted in the plaintiffs death, as in this case, but a stay will allow time for the substitution of a party and the filing of an amended or supplemental pleading. This is consistent with the direction of rule 1.190(a) that leave to amend “shall be given freely when justice so requires.” Fla. R. Civ. P. 1.190(a). In cases dealing substantively with abatement, the term is more properly understood as a stay of the proceedings rather than an automatic dismissal. See, e.g., Anderson v. Helen Ellis Mem’l Hosp. Found., Inc., 66 So.3d 1095 (Fla. 2d DCA 2011) (using the terms abate and stay interchangeably); Relinger v. Fox, 55 So.3d 638, 639-40 (Fla. 2d DCA 2011) (holding that abatement of action was “properly *958 renewable by certiorari because an appeal from an eventual final judgment would not be an adequate remedy for the delay caused by abatement”).
This court has not reached a contrary holding. In Niemi v. Brown & Williamson Tobacco Corp., 862 So.2d 31 (Fla. 2d DCA 2003), we noted that abatement “is often used to signify that an action has been extinguished or ended.” Id. at 33 (citing 1 Am.Jur.2d Abatement, Survival and Revival § 1 (1994)). But we purposefully avoided precisely defining abate for purposes of section 768.20. Id. And in that case, we concluded that the personal representative could be substituted for the deceased plaintiff and that the personal injury action could be amended to include an alternative claim for wrongful death; the viability of the alternative claims would be determined by whether the personal injury resulted in the plaintiffs death, in which case the wrongful death claim would be appropriate, or whether the plaintiff died from other causes, in which case the personal injury claim would proceed. Id. at 33-34.
In a subsequent ease, albeit in dicta, this court indicated that it would allow a substitution and amendment under facts that were materially identical to those present here. In Skyrme v. R.J. Reynolds Tobacco Co., 75 So.3d 769 (Fla. 2d DCA 2011), the circuit court denied a personal representative’s motion to substitute herself for the now deceased plaintiff and to amend the personal injury complaint to state a wrongful death claim. This court concluded that it did not have certiorari jurisdiction to reach the issue because review could be sought after a dismissal of the action. Id. at 771. But the opinion expressed concern with the circuit court’s ruling: “[W]e do not see how the result ... is consistent with the law in Florida addressing the unique relationship between a personal injury claim and a wrongful death claim or how it is supported by the law in Florida regarding the liberal amendment of pleadings.” Id. at 773 (footnote omitted).
Today we expressly hold that substitution and amendment are consistent with the law in Florida. Allowing the substitution of parties and amendment of the complaint will facilitate “the just, speedy, and inexpensive determination” of the action, as directed by rule 1.010. And it will further the stated public policy of the Wrongful Death Act, particularly in this case. Furthermore, we find this interpretation consistent with rule 1.260(a)(1), which allows the court to order substitution “if a party dies and the claim is not thereby extinguished.” In this regard, we note that the damages for a plaintiffs pain and suffering may be extinguished by the plaintiffs death. See Smith v. Lusk, 356 So.2d 1309, 1310 (Fla. 2d DCA 1978) (citing Martin v. United Sec. Servs., Inc., 314 So.2d 765, 769 (Fla.1975)). But other elements of damages— like medical expenses — are not extinguished. They remain as elements of damages for the personal representative or survivors to collect. See § 768.21. Thus it cannot be said that the claim, in its entirety, is extinguished.
Our decision, however, conflicts with the conclusion reached by the Third District in Capone v. Philip Morris U.S.A. Inc., 56 So.3d 34 (Fla.3d DCA 2010), which held that the personal injury complaint could not be amended to state a wrongful death claim. Capone stated that filing a separate suit is “required” under the Wrongful Death Act, but it cited for support only section 768.19. Id. at 35. Section 768.19 creates a right of action; it says nothing about pleading requirements:
When the death of a person is caused by the wrongful act, negligence, default, or *959 breach of contract or warranty of any person, including those occurring on navigable waters, and the event would have entitled the person injured to maintain an action and recover damages if death had not ensued, the person or watercraft that would have been liable in damages if death had not ensued shall be hable for damages as specified in this act notwithstanding the death of the person injured, although death was caused under circumstances constituting a felony.
§ 768.19. We see nothing in this section that requires the filing of a new complaint and forecloses the amendment of an existing complaint.
The Third District followed Capone in Ruble v. Rinker Material Corp., 59 So.3d 137 (Fla. 3d DCA 2011). The Middle District of Florida has disagreed with those cases based on its prediction of how our supreme court would decide the issue. Starling v. R.J. Reynolds Tobacco Co., 845 F.Supp.2d 1215 (M.D.Fla.2011) (holding that personal representative may amend personal injury suit to state wrongful death claim following plaintiffs death). The Florida Supreme Court has accepted review of both cases from the Third District. Capone v. Philip Morris USA, Inc., 75 So.3d 1243 (Fla.2011) (table decision accepting jurisdiction); Ruble v. Rinker Materials Corp., 75 So.3d 1245 (Fla.2011) (same).
The personal representative argues that requiring the filing of a new action for wrongful death would result in the loss of the Engle findings. The tobacco companies respond by saying that they would not defend in this case based on the estate’s failure to file suit within the one-year time limit for Engle cases. But as the supreme court noted, there were approximately 700,000 class members in Engle. 945 So.2d at 1258. And according to Starling, “the Engle Smokers, the original plaintiffs in these actions, were dying at a fairly constant rate.” 845 F.Supp.2d at 1226 (footnote omitted). A ruling on this issue will affect a significant number of the Engle cases with no guarantee that the tobacco companies in those other cases will waive the timeliness of the wrongful death action.
Furthermore, this issue affects more than just the Engle cases. It has been noted that the transition from a personal injury claim to a wrongful death claim is particularly sensitive in medical malpractice cases. Raymond T. Elligett, Jr., and Amy S. Farrior, Time Waits for No One: The Death of a Litigant, 76 Fla. B.J. 55, 56 (Nov.2002). The general statute of limitations for a wrongful death claim is two years from the date of death. Id. at 56 (citing § 95.11(4)(d), Fla. Stat. (2001)). But the two-year statute of limitations for a medical malpractice action generally runs from the date the malpractice should have been discovered, even if the malpractice is alleged in a wrongful death action. Id. (citing § 95.11(4)(b)). The authors reported that “it appears courts do permit amendments to assert wrongful death and substitute personal representatives for deceased plaintiffs in such cases.” Id. at 57 (footnote omitted).
We reverse the order dismissing the case. On remand the circuit court shall permit the substitution of the personal representative for the deceased plaintiff and the amendment of the complaint to state a wrongful death claim. We certify that our decision conflicts with the decisions of the Third District in Capone v. Philip Morris U.S.A. Inc., 56 So.3d 34 (Fla. 3d DCA 2010), jurisdiction accepted, 75 So.3d 1243 (Fla.2011), and Ruble v. Rinker Material Corp., 59 So.3d 137 (Fla.3d DCA 2011), jurisdiction accepted, 75 So.3d 1245 (Fla.2011).
*960 Reversed; remanded with directions; conflict certified.
DAVIS, J., Concurs.
BLACK, J., Dissents with opinion.