CANADY, J.,
dissenting.
Because I conclude that the decision on review, Capone v. Philip Morris U.S.A., Inc., 56 So.3d 34 (Fla. 3d DCA 2010), does not expressly and directly conflict with Niemi v. Brown & Williamson Tobacco Corp., 862 So.2d 31 (Fla. 2d DCA 2003), I would dismiss this case for lack of jurisdiction under article V, section 3(b)(3), of the Florida Constitution.
In Niemi, a husband and wife filed a personal injury action against two tobacco companies, and after the husband died, the wife and a co-personal representative sought to amend the complaint to state a wrongful death action and, in the alternative, a survivor action. The trial court denied the motion and dismissed the personal injury claim. On review, the Second District Court of Appeal quashed the trial court’s ruling, reasoning that “a personal injury action only ‘abates’ if it is first determined that the personal injury resulted in the plaintiffs death.” Niemi, 862 So.2d at 33. Because the cause of Peter Niemi’s death had not been determined either by “the pleadings or by the finder of fact,” the Second District concluded that the trial court erred in determining that the personal injury claim had abated. Id. The Second District explained that “[u]n-less the parties agree upon a cause of death, it is possible that the co-personal representatives will be required to plead both a personal injury action and an alternative wrongful death action.” Id. at 34. The Second District thus focused on the circumstance that the cause of death had not been established or conceded at the stage of the proceedings when the complaint was dismissed.
Capone, however, does not address a similar circumstance. The analysis in Capone simply applies the rule of abatement in section 768.20, Florida Statutes (2008): “When a personal injury to the decedent results in death, no action for the personal injury shall survive, and any such action pending at the time of death shall abate.” The predicate for the application of that rule is that the pending action was for “a personal injury to the decedent” that “resulted] in death.” § 768.20, Fla. Stat.
Accordingly, Capone does not expressly and directly conflict with Niemi. I dissent.