LEWIS, J.
We have for review Ruble v. Rinker Material Corp., 59 So.3d 137 (Fla. 3d DCA 2011), which relied upon Capone v. Philip Morris U.S.A. Inc., 56 So.3d 34 (Fla. 3d DCA 2010) (Capone I). This Court granted review of Capone I based on express and direct conflict with Niemi v. Brown & Williamson Tobacco Corp., 862 So.2d 31 (Fla. 2d DCA 2003). See Capone v. Philip Morris USA, Inc., 75 So.3d 1243 (Fla.2011). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.
In Capone v. Philip Morris USA Inc., 116 So.3d 363, 2013 WL 2631180 (Fla.2013) (Capone II), this Court quashed the decision in Capone I, approved the decision in Niemi, and held that when the injured party plaintiff in a personal injury action dies, the personal representative of the decedent’s estate is not required to file a separate wrongful death action. Rather, the personal representative may be added as a party to the pending action and shall have a reasonable opportunity to file an amended pleading that alleges new claims and causes of action. See Capone II, at 376. We conclude that the outcome of the instant case is controlled by Capone II.
*380 Further, Petitioner Ruble is entitled to relief on an additional, independent basis. Florida Rule of Civil Procedure 1.190, titled “Amended and Supplemental Pleadings,” provides that “[a] party may amend a pleading once as a matter of course at any time before a responsive pleading is served.” Fla. R. Civ. P. 1.190(a). In Boca Burger, Inc. v. Forum, 912 So.2d 561, 563 (Fla.2005), this Court held that the right of a plaintiff under rule 1.190(a) to amend a complaint once before the service of a responsive pleading is absolute, and a trial court has no discretion to deny such an amendment. See also id. at 567 (“A judge’s discretion to deny amendment of a complaint arises only after the defendant files an answer or if the plaintiff already has exercised the right to amend once”).
Ruble, individually and in her capacity as the personal representative of the estate of Lance Ruble, sought to amend the original complaint filed in this action before an answer to that complaint was served by Respondents. Pursuant to Boca Burger and rule 1.190(a), Ruble had an absolute right to do so. Accordingly, we hold that the trial court improperly dismissed Ruble’s amended complaint. Similarly, the Third District erred when it affirmed the order of the trial court. See Ruble, 59 So.3d at 137.
Based upon Capone II and our decision in Boca Burger, we quash the decision of the Third District in Ruble and remand for further proceedings consistent with this opinion.
It is so ordered.
PARIENTE, QUINCE, LABARGA, and PERRY, JJ., concur.
CANADY, J., dissents with an opinion in which POLSTON C.J., concurs.