[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12915
Non-Argument Calendar
_____

D.C. Docket No. 9:19-cv-80185-BB

MARIO MUCCIOLO,

Plaintiff - Appellant,

versus

BOCA RATON REGIONAL HOSPITAL, INC.,
JOHN DOES,
JANE DOES,

Defendants - Appellees,

BOCACARE,

Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 4, 2020)

Before BRANCH, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

Mario Mucciolo ("Mucciolo"), a pro se plaintiff, appeals the district court's denial of his motion to vacate an order dismissing his action without prejudice. Mucciolo argues that the district court, by refusing to vacate its dismissal order to allow Mucciolo seventeen days to respond to the defendant's motion to dismiss, violated his due process rights, and ignored his alternative claims for relief. For the reasons set forth below, we affirm.

## I.    BACKGROUND

On January 16, 2019, Mucciolo filed his pro se complaint in the Western District of Oklahoma, seeking damages for the death of his father, Nicholas Mucciolo, who died in Florida. The district court in Oklahoma issued an order requiring Mucciolo to file an amended complaint alleging jurisdictional information and to explain why his case should not be transferred or dismissed for improper venue. On February 6, 2019, Mucciolo filed his amended complaint and a motion to transfer venue to the Southern District of Florida. The district court in Oklahoma then transferred Mucciolo's case to the Southern District of Florida pursuant to 28 U.S.C. § 1406(a).

In his amended complaint, Mucciolo alleged that defendant Boca Raton Regional Hospital, Inc. (the "Hospital"), a Florida corporation based in Boca

2

Raton, Florida, admitted his father for medical services when his father's cardiac stent slipped out of place. Mucciolo further alleged that the Hospital and its "doctors and medical professionals" performed surgery on Mucciolo's father to address the slipped stent and an associated aneurysm. Mucciolo alleged that his father, unfortunately, passed away during, or shortly after, the surgery.

Mucciolo claimed that the Hospital and its medical professionals caused his father's premature death because of their insufficient testing and diagnosis prior to surgery, their failure to utilize properly operating dialysis machines before the surgery, their excessive blood infusion and clamp time during the surgery, and a hospital-acquired infection contracted by his father before the surgery. Mucciolo charged the Hospital and its medical professionals with "Wrongful Death, Gross Negligence, and Recklessness" and noted that, "[i]n reference to the [hospital-acquired infection], Res Ipsa Loquitor is argued." Mucciolo sought damages in excess of $100,000. Regarding his role as plaintiff, Mucciolo alleged that he "has standing to sue by virtue of his being the aggrieved son of Nicholas Mucciolo, the Deceased."

The Hospital moved to dismiss Mucciolo's complaint, arguing that Mucciolo lacked standing to bring his father's wrongful death claims, that Mucciolo failed to comply with Florida's pre-suit requirements for medical malpractice actions, and that Florida's statute of limitations barred Mucciolo's

3

claims.  The Hospital pointed to the absence of allegations that Mucciolo was the personal representative of his father's estate and the absence of allegations that Mucciolo complied with the pre-suit requirements for medical malpractice actions under Chapter 766 of the Florida Statutes.  The Hospital argued that, because Mucciolo did not comply with the medical malpractice pre-suit requirements before expiration of the two-year statute of limitations for medical malpractice actions, Mucciolo's claims must be dismissed with prejudice.  The Hospital included in its motion to dismiss a certificate of service indicating that it served Mucciolo with a copy of the motion via email.

Mucciolo did not file a response to the Hospital's motion to dismiss within the fourteen days permitted by Rule 7.1(c) of the Local Rules for the Southern District of Florida.  On May 23, 2019, the district court entered an order requiring Mucciolo to file his response, if any, to the Hospital's motion to dismiss by May 28, 2019.  The district court mailed a copy of this order to Mucciolo.

On May 28, 2019, Mucciolo filed a motion to quash service of the Hospital's motion to dismiss.  Mucciolo argued that the Hospital did not serve him with a copy of its motion to dismiss as required by Federal Rule of Civil Procedure 5 because he had not consented in writing to service by email.  He further claimed that he no longer had access to the email address on the Hospital's service list and therefore learned of the pending motion to dismiss on May 25, 2019, when he

received by U.S. mail the district court's order requiring a response. Mucciolo did not address the merits of the Hospital's motion to dismiss.

On May 30, 2019, the district court entered an order granting the Hospital's motion to dismiss and denying as moot Mucciolo's motion to quash service. The district court found that Florida law requires a wrongful death claim to be brought by the personal representative of the decedent's estate and held that Mucciolo's action, brought in his personal capacity as an "aggrieved son," must be dismissed for lack of standing. Because the district court considered this issue dispositive, it noted that it "need not address the Defendant's other arguments for dismissal" and dismissed Mucciolo's amended complaint without prejudice.

On June 26, 2019, Mucciolo moved to vacate the district court's dismissal order pursuant to Federal Rule of Civil Procedure 60(b)(6). He argued that the Hospital failed to properly serve him with a copy of the motion to dismiss and that the district court's order requiring a response deprived him of the fourteen-day response period to which he would have otherwise been entitled. Mucciolo relied on the language in Federal Rule of Civil Procedure 5 to show that service of the Hospital's motion by email was not proper and claimed that such improper service implicated his constitutional rights to due process.

The district court denied Mucciolo's motion to vacate the dismissal order. The district court found that Mucciolo failed to show extraordinary circumstances

warranting relief under Rule 60(b)(6) and emphasized that it dismissed Mucciolo's action without prejudice because, "[w]hile the personal representative may have a cause of action," Mucciolo did not allege that he was appointed personal representative of his father's estate. The district court also emphasized that it did not dismiss Mucciolo's action because of his failure to respond to the Hospital's motion to dismiss.

Mucciolo then filed his notice appeal from the order denying his motion to vacate. Mucciolo did not appeal from the dismissal order.

## II.    STANDARD OF REVIEW

We review orders denying Rule 60(b) motions to vacate for abuse of discretion. *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1131–32 (11th Cir. 1986). To show an abuse of discretion by the district court, an "appellant must demonstrate a justification so compelling that the court was required to vacate its order." *Id.* at 1132. The appellant bears a heavy burden on appeal and must show that the district court's decision to deny the Rule 60(b) motion was so "sufficiently unwarranted as to amount to an abuse of discretion." *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (quoting *Griffin v. Swim-Tech Corp.*, 772 F. 2d 677, 680 (11th Cir. 1984)). The appellant fails to carry this burden by merely showing that the district court could have vacated its prior order. *See id.*

6

Moreover, an appeal of a Rule 60(b) decision does not allow us to review the underlying judgment or order that was the subject of the motion to vacate. *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993). Our review is therefore limited to the propriety of the district court's ruling on the appellant's Rule 60(b) motion. *See id.*

## III. DISCUSSION

Mucciolo moved to vacate the district court's order dismissing his action under Rule 60(b)(6), which allows relief from a judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This catch-all provision requires that a movant show that "circumstances are sufficiently extraordinary to warrant relief." *Cano*, 435 F.3d at 1342 (quoting *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1317 (11th Cir. 2000)). The district court, acting in its sound discretion, determines what constitutes extraordinary circumstances. *See id.*

Mucciolo argues that the district court should not have ordered him to respond to the Hospital's motion to dismiss because, by the time he received that order in the mail, he had only three days to formulate a response to the motion. He argues that the district court's dismissal of his claims without further opportunity to respond deprived him of the response window provided by the district court's local rules, thereby depriving him of due process (i.e., notice and opportunity to be heard).

7

Mucciolo did not lose the opportunity to respond to the Hospital's motion. It is undisputed that Mucciolo received the district court's order requiring his response, if any, to the motion to dismiss and warning him that the district court would rule even if he did not respond. Mucciolo exercised the opportunity to respond to the Hospital's motion by instead preparing and submitting a motion to quash service of the motion. Nothing in the record suggests that Mucciolo was prohibited from responding to the Hospital's motion to dismiss by the deadline provided by the district court. Additionally, because Mucciolo was a party to the action and admits to receiving the district court's order requiring a response to the pending motion, we reject the parallels Mucciolo attempts to draw between this case and *Nelson v. Adams USA, Inc.*, 529 U.S. 460 (2000). In *Nelson*, the district court entered a post-judgment order joining an individual and making that new party immediately liable under a fee award, without affording the new party the right to contest personal liability. *Nelson* is inapplicable here, as the district court notified Mucciolo of the pending motion and advised him of his deadline to respond. While Mucciolo may argue that the few days he had were insufficient to formulate a response, we note that district courts have the authority to sua sponte dismiss claims for failure to state a cause of action when amending the complaint would be futile or when the complaint is patently frivolous. *See, e.g.*, *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1248 (11th Cir. 2015). We therefore

8

reject Mucciolo's claim that he was deprived of due process when the district court dismissed his claims without allowing him seventeen days to file a response to the Hospital's motion to dismiss.[1]

Mucciolo also argues that the district court erred by dismissing his action based on his lack of standing to bring a wrongful death claim for his father's estate while failing to consider his alternative claims for relief: "Gross Negligence, Recklessness, and Res Ipsa Loquitor."  There are two procedural bars to Mucciolo's claim here.  First, Mucciolo did not include this argument in his motion to vacate or in his motion to quash service, and because he raises this argument for this first time on appeal, we need not consider it.  *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).  Second, as discussed above, because Mucciolo appealed only the order denying his motion to vacate, we cannot review the underlying order of dismissal itself.  *See Cavaliere*, 996 F.2d at 1115. As to both procedural issues, while we read pro se briefing liberally, we cannot reframe the issues on appeal.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).  Nonetheless, even if we were to address the propriety of the district court's dismissal of Mucciolo's action in its entirety, we would not find error.

---

[1] We also find no merit in Mucciolo's argument that the district court failed to act as a neutral arbiter when it dismissed Mucciolo's action without having received Mucciolo's response to the Hospital's motion.  Other than dicta taken out of context, *see, e.g.*, *Greenlaw v. United States*, 554 U.S. 237, 243–45 (2008), Mucciolo provides no authority for the proposition that district courts act with bias, as a matter of law, when they rule without having received a response from an affected party.

First, contrary to Mucciolo's argument that the district court ignored his alternative theories of recovery for his father's wrongful death, the district court found the standing issue dispositive of all of Mucciolo's claims.  Second, dismissal of Mucciolo's action for lack of standing was appropriate.  In Florida, the personal representative of a decedent's estate is the only party with standing to institute a wrongful death lawsuit for the benefit of the decedent's estate and survivors.  *See* Fla. Stat. § 768.20.  Moreover, any personal injury claims alleging wrongdoing that ultimately resulted in the death of the decedent are extinguished upon death, leaving the statutory wrongful death claim as the only avenue for damages against the tortfeasor.  *See id.*  "Thus, when death is the result of a personal injury, the law of Florida essentially substitutes a statutory wrongful death action for the personal injury action."  *Niemi v. Brown & Williamson Tobacco Corp.*, 862 So. 2d 31, 33 (Fla. Dist. Ct. App. 2003).  Regardless of the labels used in his complaint, Mucciolo seeks damages for alleged personal injuries to his father that caused his death.  Mucciolo's alternative theories of relief[2] were subsumed in the wrongful death claim, and no claim, other than the statutory wrongful death claim, could be brought or required consideration by the district court.  *See id.*  Because Mucciolo did not allege that he was the personal representative of his father's estate, the

---

[2] Without delving too much into Florida law, we note that res ipsa loquitor is not a cause of action but instead a way to prove negligence.  *See generally MacClatchey v. HCA Health Servs. of Fla., Inc.*, 139 So. 3d 970, 972 (Fla. Dist. Ct. App. 2014) ("*Res ipsa loquitur* is a rule of evidence which affords an injured plaintiff a common sense inference of negligence.").

10

district court neither erred in dismissing his action nor abused its discretion in denying his motion to vacate.

## IV.    CONCLUSION

Mucciolo fails to demonstrate "a justification so compelling that the [district] court was required to vacate" its dismissal order.  *See Solaroll Shade & Shutter Corp.*, 803 F.2d at 1132.  Because Mucciolo did not meet his burden to show that the district court abused its discretion in denying his motion to vacate the dismissal order, we affirm.

**AFFIRMED.**